## [ORAL ARGUMENT NOT YET SCHEDULED]

## IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

Case No. 23-5049

MONTE SILVER, ET AL.

*Plaintiffs-Appellants,*

-v-

INTERNAL REVENUE SERVICE, ET AL.

*Defendants-Appellees*

## ON APPEAL FROM THE FINAL JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## APPELLANTS' OPENING BRIEF

L. Marc Zell (Bar No. 28960)
ZELL & ASSOCIATES
INTERNATIONAL ADVOCATES, LLC
1345 Ave. of the Americas
New York, NY 10105
(212)-971-1349
*Email:* mzell@fandz.com

Noam Schreiber (Bar No. 63387)
ZELL, ARON & CO.
34 Ben Yehuda St.
14th Floor
Jerusalem, Israel 9423001
011-972-2-633-6300
*Email:* noam.schreiber@fandz.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### 1. <u>Parties, Intervenors, and Amici Curiae</u>

The parties to this appeal are Appellants Monte Silver and Monte Silver, Ltd. The Appellees are the Internal Revenue Service, the United States Department of Treasury, Douglas O'Donnell in his official capacity as Commissioner of the Internal Revenue Service and Janet Yellen, in her official capacity as Secretary of the Treasury.

No *amici curiae* appeared before the District Court.

### 2. <u>Rule 26.1 Disclosure Statement</u>

Appellant Monte Silver, Ltd. is an Israeli private corporation, solely owned by Appellant Monte Silver. Monte Silver, Ltd. does not have a parent entity.

### 3. <u>Rulings Under Review</u>

Appellants seek review of the District Court's Order of Dismissal entered on January 30, 2023 (ECF 14), pursuant to a Memorandum Opinion issued on the same day (ECF 13).

**4. <u>Related Cases</u>**

In *Silver v. Internal Revenue Serv.,* 2021 WL 1177998 (D.D.C. Mar. 28, 2021), the district court (Mehta, J.) concluded that Defendants were authorized to publicly disclose Plaintiffs' confidential tax information under 26 U.S.C. §6103(h)(4). Plaintiffs appealed this order. However, this Court concluded that it lacked appellate jurisdiction to adjudicate the matter. *Monte Silver & Monte Silver, Ltd. v. Internal Revenue Serv.,* 2022 WL 17420308 (D.C. Cir. Dec. 6, 2022). For further details, see below, Statement of Facts. The issue is now squarely before the Court.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS,
AND RELATED CASES ...................................................................... ii

TABLE OF CONTENTS ...................................................................... iv

TABLE OF AUTHORITIES .................................................................. v

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT OF ISSUES .................................................................... 1

STATUTES AND REGULATIONS ....................................................... 2

STATEMENT OF THE CASE ............................................................... 2

   1.  Statutory and Regulatory Background ........................................ 2

     A.  Section 6103 ....................................................................... 2

     B.  Regulatory Flexibility Act .................................................. 4

   2.  Factual Background .................................................................... 6

     A.  Monte Silver, et al. v. IRS, et al., 1:19-cv-0247 ("*Silver I*") .......... 6

     B.  Monte Silver, et al. v. IRS, et al., 1:20-cv-1544 ("*Silver II*") ......... 9

   3.  Procedural Background .............................................................. 10

SUMMARY OF ARGUMENT ............................................................. 11

STANDING ......................................................................................... 11

ARGUMENT ....................................................................................... 12

   1.  *Silver I* and *Silver II* do not pertain to "tax administration" ......... 12

   2.  The purpose of the disclosure must have a
substantive nexus to the case ...................................................... 17

   3.  Disclosure under §6103(h)(4) is permitted
only as a last resort .................................................................... 19

   4.  Section 6103(h)(4) does not authorize
disclosure via PACER ................................................................ 20

CONCLUSION .................................................................................... 24

CERTIFICATE OF COMPLIANCE ..................................................... 25

CERTIFICATE OF SERVICE .............................................................. 26

# TABLE OF AUTHORITIES

## Supreme Court Cases

*Bittner v. United States,*
143 S. Ct. 713 (2023) ...................................................................... 20, 21

*Counterman v. Colorado,*
2023 WL 4187751 (U.S. June 27, 2023)......................................22

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992)............................................................................ 18

*Moore, Charles G., Et Ux. V. United States,*
2023 WL 4163201 (U.S. June 26, 2023)...............................…9

## Cases

*City of Clarksville v. Fed. Energy Reg. Comm'n,*
888 F.3d 477 (D.C. Cir. 2018)................................................................ 18

*Covad Commc'ns Co. v. Bell Atl. Corp.,*
407 F.3d 1220 (D.C.Cir.2005).............................................................6

*Crow v. Internal Revenue Serv.,*
2022 WL 1605265 (D. Idaho May 20, 2022).......................................15

*Diamond v. United States,*
944 F. 2d 431 (8th Cir. 1991)................................................................14

*Gardner v. United States,*
213 F.3d 735 (D.C. Cir. 2000)...........................................................13

*Greenberger v. Internal Revenue Serv.,*
283 F. Supp. 3d 1354 (N.D. Ga. 2017)..................................................15

*Monte Silver & Monte Silver, Ltd. v. Internal Revenue Serv.,*
  2022 WL 17420308 (D.C. Cir. Dec. 6, 2022)........................................ iii

*Safeway, Inc. v. I.R.S.,*
  2006 WL 3041079 (N.D. Cal. Oct. 24, 2006) ...................................... 16

*Silver & Monte Silver, Ltd. v. Internal Revenue Serv.,*
  2022 WL 17420308 (D.C. Cir. Dec. 6, 2022)......................................... 6

*Silver v. Internal Revenue Serv.,*
  2021 WL 1177998 (D.D.C. Mar. 28, 2021) .....................................iii, 20

*Silver v. Internal Revenue Serv.,*
  531 F.Supp.3d 346 (D.D.C. 2021) .......................................................... 6

*Silver v. Internal Revenue Serv.,*
  569 F. Supp. 3d 5 (D.D.C. 2021) ............................................................ 6

## Statutes

5 U.S.C. §601 ........................................................................................... 4
5 U.S.C. §603 ........................................................................................... 4
5 U.S.C. §604 ...................................................................................... 4, 6
5 U.S.C. §605(b) ...................................................................................... 5
5 U.S.C. §611 ........................................................................................... 5
5 U.S.C. §611(a)(1) ............................................................................... 19

26 U.S.C. §6103 ................................................................................... 1, 2
26 U.S.C. §6103(a) .................................................................................. 1
26 U.S.C. §6103(b)(1) ............................................................................. 7
26 U.S.C. §6103(b)(2) ............................................................................. 7
26 U.S.C. §6103(b)(4) ........................................................................... 13
26 U.S.C. §6103(b)(4)(A)(i) ................................................................. 13
26 U.S.C. §6103(b)(4)(A)(ii) ................................................................ 13
26 U.S.C. §6103(b)(4)(B) ..................................................................... 13
26 U.S.C. §6103(h)(2) ...................................................................... 7, 20

vi

26 U.S.C. §6103(h)(4) .................... iii, 2, 3, 7, 8, 12, 15, 17, 19, 20, 22, 23
26 U.S.C. §7431 ................................................................................. 1, 12
26 U.S.C. §7431(c)(1)(B) ........................................................................ 4
26 U.S.C. §951A ...................................................................................... 9
26 U.S.C. §965 ........................................................................................ 6

28 U.S.C. §1291 ...................................................................................... 1
28 U.S.C. §1331 ...................................................................................... 1

42 U.S.C. §4331 .................................................................................... 16

Judiciary Appropriations Act,
   Pub. L. No. 101–515, §404, 104 Stat. 2129, 2132–33 (1991) ............... 21

Small Business Regulatory Enforcement Fairness Act,
   Pub. L. No. 104-121, 110 Stat. 857 (1996) ............................................. 5

Tax Cut and Jobs Act,
   Pub. L. 115–97, 131 Stat. 2054 (2017) ................................................... 6

## Other Authorities

Michael Saltzman & Leslie Book,
IRS PRACTICE & PROCEDURE, ¶4.08
*Confidentiality and Disclosure of Tax Returns and Related Information*,
(Electronic ed. June 2023)....................................................................... 22

## Regulations

26 C.F.R. §301.6103(h)(2)-1(b)(1) .......................................................... 20

26 C.F.R. §301.6103(h)(2)-1(b)(iii)......................................................... 19

## Legislative History and Congressional Debates

142 Cong. Rec. S3242 (daily ed. Mar. 29, 1996),
1996 WL 142887

(Joint Managers' Statement of Legislative History and Congressional
Intent) ........................................................................................................5

*General Explanation of the Tax Reform Act of 1976*, 94th Cong.
(2d Sess. 1976) ..........................................................................................3

*Regulatory Flexibility Improvements Act of 2013*,
H.R. Rep. 113-288 (1st Session 2013), 2013 WL 6501156 (Dec. 11,
2013)..........................................................................................................16

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction over Appellants' claims pursuant to 28 U.S.C. §1331 because the case raises federal questions under 26 U.S.C. §§6103 and 7431.

The district court issued its order granting the government's motion to dismiss Plaintiffs' complaint in its entirety on January 30, 2023.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1291 because the order appealed from is a final judgment that disposed of all the parties' claims in the case. Plaintiffs timely noticed their appeal on March 9, 2023.

## STATEMENT OF ISSUES

Section 6103 of the Internal Revenue Code states that "returns and return information shall be confidential," and prohibits any officer or employee of the United States from disclosing "any return or return information obtained by him in any manner in connection with his service […]". 26 U.S.C. §6103(a). Section 6103(h)(4) permits limited disclosure in the framework of a judicial proceeding pertaining to tax administration when certain conditions are satisfied.

1. Was the government's public disclosure and filing of Plaintiffs' return and return information in ***Silver I*** (1:19-cv-00247-APM) and ***Silver II*** (1:20-cv-01544-CKK) authorized under §6103(h)(4)?

2. Was the disclosure of Plaintiffs' private return and return information to the entire world via the PACER network permissible under §6103(h)(4) and consistent with their right to privacy?

## STATUTES AND REGULATIONS

Applicable statutes and regulations are contained in a separate addendum.

## STATEMENT OF THE CASE

### 1. Statutory and Regulatory Background

### A. Section 6103

Under 26 U.S.C. §6103, returns and return information "shall be confidential" and "no officer or employee of the United States […] shall disclose any return or return information obtained by him in any

manner." There are two core policies behind §6103: **(1)** the importance of voluntary tax compliance [*see General Explanation of the Tax Reform Act of 1976*, 94th Cong., 2d Sess., at 315 (1976) ("Joint Committee")[1] ("Congress strove to balance the particular agency's need for the information involved with the citizen's right to privacy and the related impact of the disclosure upon the continuation of compliance with our country's voluntary tax assessment system.")]; and **(2)** taxpayer privacy. *Id.*, at 323.

Section 6103, however, carves out an exception to the general prohibition on disclosure. Under 26 U.S.C. §6103(h)(4), "return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration" under specific circumstances. *Id.*

Section 7431 creates a civil cause of action for improper disclosure and grants redress in the form of statutory damages in the amount of $1,000 per disclosure, and actual damages in excess of the statutory amount and punitive damages for disclosures that were willful or the

---

[1] https://www.jct.gov/publications/1976/jcs-33-76/ (Last accessed on July 3, 2023).

result of gross negligence. 26 U.S.C. §7431(c)(1)(B).

The court below concluded that *Silver I* and *Silver II* pertained to "tax administration" and, therefore, the government was authorized, *ipso facto*, to publicly disclose Plaintiffs' tax information. Moreover, the district court rejected Plaintiffs' argument that worldwide disclosure via PACER is inconsistent with both §6103 and Plaintiffs' right to privacy. As discussed below, both conclusions were incorrect with the result that the decision warrants reversal.

## B. Regulatory Flexibility Act

*Silver I* and *Silver II* were both brought under the Regulatory Flexibility Act, 5 U.S.C. §601 *et seq.* ("RFA"). Enacted originally in 1980, the RFA was intended to address the plight of small businesses dealing with the burdensome effect of federal regulations.

To accomplish these goals, the RFA required government agencies to conduct an "initial regulatory flexibility analysis" on proposed regulations and a "final regulatory flexibility analysis" upon issuance of the ultimate rule. 5 U.S.C. §§603-604. The above analyses are not required if the "head of the agency […] certifies that the rule will not, if promulgated, have a significant economic impact on a substantial

4

number of small entities." 5 U.S.C. §605(b). In both cases, Plaintiffs challenged the propriety of the government's certification under §605(b).

In 1996, after years of debate, Congress enacted the Small Business Regulatory Enforcement Fairness Act, Pub. L. No. 104-121, 110 Stat. 857 (codified as amended in scattered sections of 5 U.S.C.) ("SBREFA"). The SBREFA, for the first time, provided for judicial review of agency compliance under the RFA, specifically for agency certifications under §605(b). 5 U.S.C. §611; 142 Cong. Rec. S3242, S3245 (daily ed. Mar. 29, 1996), 1996 WL 142887 (Joint Managers' Statement of Legislative History and Congressional Intent) (judicial review added to address small business complaints that "agencies have given lip service at best to RFA.").

The IRS was one of the chief culprits singled out for failing to implement RFA protections for small businesses. The IRS was explicitly made subject to the RFA under the 1996 amendment, and Congress directed that "the IRS should take an expansive approach […] when considering whether to conduct a regulatory flexibility analysis." 142 Cong. Rec. S3242, at S3245.

## 2. Factual Background

The factual predicate for this litigation arose out of two prior lawsuits (*Silver I* and *II*) filed by Plaintiffs against the government in connection with which defendants willfully disclosed Plaintiffs' private financial information.[2]

### A. Monte Silver, et al. v. IRS, et al., 1:19-cv-0247 ("*Silver I*")

On January 30, 2019, Plaintiffs sued the government challenging the IRS and Treasury's failure to conduct a regulatory flexibility analysis under 5 U.S.C. §604 when issuing regulations under the Transition Tax provisions [26 U.S.C. §965], enacted as part of the Tax Cut and Jobs Act, Pub. L. 115–97 (2017) (the "TCJA"). [JA 3].[3]

Significantly, *Silver I* had nothing to do with Plaintiffs' tax liability. The government conceded that Plaintiffs did not owe any Transition Tax.

---

[2] The Court is asked to take judicial notice of the pleadings and documents in *Silver I* and *II. See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C.Cir. 2005) ("The court may take judicial notice of public records from other court proceedings.").

[3] *Silver I* was ultimately dismissed for lack of Article III standing. *See Silver v. Internal Revenue Serv.*, 531 F.Supp.3d 346 (D.D.C. 2021) and *Silver v. Internal Revenue Serv.*, 569 F. Supp. 3d 5 (D.D.C. 2021). The decision was affirmed by this Court in *Silver & Monte Silver, Ltd. v. Internal Revenue Serv.*, No. 21-5116, 2022 WL 17420308 (D.C. Cir. Dec. 6, 2022), *cert. denied sub nom. Monte Silver, Ltd. v. Internal Revenue Serv.*, No. 22-907, 2023 WL 3158386 (U.S. May 1, 2023).

Rather, the complaint in *Silver I* focused on the ongoing compliance and reporting costs engendered by the Transition Tax regulations.

In its motion for summary judgment, the government publicly filed Plaintiffs confidential tax returns and other related documents.[4] According to the complaint, the government violated §6103 in two respects: by disclosing Plaintiffs' private tax information **(1)** to employees of the Department of Justice [*see* 26 U.S.C. §6103(h)(2)]; and **(2)** to the public by filing the Confidential Documents electronically via the CM/ECF PACER system [26 U.S.C. §6103(h)(4)] [JA 3-4].

After realizing what had happened, Plaintiffs immediately contacted counsel for the government, demanding that the Confidential Documents be removed from the internet and refiled under seal.  The IRS and Treasury would only agree to remove the Confidential Documents, however, in exchange for Plaintiffs' concession concerning dispositive jurisdictional issues of the case, which would have resulted in

---

[4] These documents included **(1)** Plaintiffs' 2017 federal tax return; **(2)** amendments to that return; **(3)** and other highly confidential tax, financial and personal information pertaining to Plaintiffs' and Monte Silver's non-party wife (collectively the "**Confidential Documents**"). There is no dispute that the disclosed documents are a "return" and "return information" under 26 U.S.C. §6103(b)(1) & (2).

7

the dismissal of the lawsuit. Plaintiffs naturally rejected the government's position. [JA 5].

On August 3, 2020, Plaintiffs filed a motion to seal the Confidential Documents. On February 24, 2021, the district court provisionally sealed the Confidential Documents without issuing any opinion as to the motion to seal.[5]

Ultimately, on March 28, 2021, the *Silver I* court denied in part Plaintiffs' motion to seal the Confidential Documents under §6103. The district court concluded that the government acted within its authority under 26 U.S.C. §6103(h)(4). [JA 6].  However, the district court went on to order the parties to meet and confer regarding proposed redactions to the Confidential Documents. The parties were unable to agree on the scope of the redactions and, consequently, submitted supplemental briefing. [JA 6].

As of this writing, the Confidential Documents in *Silver I* remain provisionally sealed.

---

[5] From July 20, 2020 until February 24, 2021, the Confidential Documents were publicly available and downloadable from the internet through PACER and other third-party platforms.

**B. Monte Silver, et al. v. IRS, et al., 1:20-cv-1544 ("*Silver II*")**

On June 12, 2021, Plaintiffs commenced *Silver II*, which focused on Treasury/IRS violations of the RFA during the rulemaking process relating to the global intangible low-taxed income ("GILTI") provisions of the TCJA, codified at 26 U.S.C. §951A.[6]

Like *Silver I*, *Silver II* had nothing to do with Plaintiffs' tax liability which did not exist. Rather, the GILTI regulations imposed significant on-going compliance costs upon Plaintiffs.

On August 24, 2021, the IRS and Treasury filed a motion to dismiss *Silver II*. In their motion to dismiss, the IRS and Treasury once again intentionally and wrongfully disclosed the Confidential Documents in direct contravention of 26 U.S.C. §6103 without requesting that they be sealed as had been done belatedly in *Silver I*.

Prior to filing their motion to dismiss, counsel for the IRS and Treasury reached out to Plaintiffs and asked if Plaintiffs would agree to redact sections of the Confidential Documents before they were filed

---

[6] We note that the constitutionality of the mandatory repatriation tax provisions of the TCJA under Art. I, §2 and Amnd. XVI is currently before the United States Supreme Court in *Moore, Charles G., Et Ux. V. United States*, No. 22-800, 2023 WL 4163201 (U.S. June 26, 2023) (granting certiorari).

9

publicly by the government. Consistent with the position taken in *Silver I*, Plaintiffs objected to any disclosure of the Confidential Documents. [JA 6-7].

However, under protest and solely to avoid much broader exposure, Plaintiffs agreed to stipulate some of the facts for which Confidential Documents were being filed. *Id*. The government rejected this offer and submitted a redacted version of the Confidential Documents in violation of §6103.[7]

### 3. Procedural Background

Plaintiffs commenced the present lawsuit on January 4, 2022. [JA 1-10]. The government filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on February 8, 2022. The district court issued its order of dismissal and memorandum opinion on January 30, 2023. [JA 11-27].

---

[7] Plaintiffs contend that these redactions did not cure the government's violation of §6103.

## SUMMARY OF ARGUMENT

The decision below should be reversed for the following reasons:

*First*, the government cannot rely on Section 6103(h)(4) because:

(a) *Silver I* and *II* are lawsuits that do not "pertain to tax administration." 26 U.S.C. §6103(h)(4);

(b) The government's disclosure violated §6103 because there was no connection between the disclosure and the underlying issues of lawsuits; and

(c) Section 6103(h)(4) authorizes disclosure only as a last resort.

*Second*, Section 6103(h)(4) does not authorize the filing of documents via the PACER system. Filing through PACER is merely a filing in a judicial proceeding. It is much more than that. It involves uploading documents to the World Wide Web and inserting them into a public database open for the entire planet to see.

## STANDING

To establish standing, a plaintiff must demonstrate that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

11

favorable judicial decision. *Lujan v. Defs. of Wildlife,* 504 U.S. 555 (1992).

Plaintiffs satisfy these elements because they were injured by the public disclosure of the Confidential Documents because of the government's improper submissions. Such injury is likely to be redressed by a favorable judicial decision, *i.e.*, in the form of monetary compensation. 26 U.S.C. §7431.

## ARGUMENT

### 1. *Silver I* and *Silver II* do not pertain to "tax administration"

Section 6103(h)(4) authorizes the government to disclose returns and return information only in a judicial proceeding that pertains "to tax administration." 26 U.S.C. §6103(h)(4). The term "tax administration is defined in the statute as:

(A)

    (i)    the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and

    (ii)   the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions, and

(B) includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions.

26 U.S.C. §6103(b)(4).

While that definition is "fairly" broad, it is not all-encompassing. *Gardner v. United States*, 213 F.3d 735, 738 (D.C. Cir. 2000). "Tax administration" does not (and should not) include instances – such as here – where (1) Plaintiffs' raise *administrative* challenges to tax regulations under the RFA and (2) Plaintiffs did not owe any of the taxes under those regulations.

Significantly, *Silver I* and *II* were not concerned with the "collection" or "assessment" of any tax and, thus, do not fall within the scope of 26 U.S.C. §6103(b)(4)(B) and, consequently, is beyond the ambit of §6103(h)(4). Plaintiffs did not owe any tax to be assessed or collected. Similarly, *Silver I* and *II* did not concern the "administration" and "management" of the "internal revenue laws" [26 U.S.C. §6103(b)(4)(A)(i)] or the "development and formulation of Federal tax policy." 26 U.S.C. §6103(b)(4)(A)(ii). Rather, *Silver I* and *II* solely concern whether the government has properly considered the interests of small businesses in the rulemaking process. The RFA sets forth a mandatory

framework for all rulemaking for the entire federal government. It is not specifically aimed at the IRS, Treasury or the federal tax regime, although Congress was (and remains) concerned about IRS non-compliance with the RFA as a matter of administrative (not tax) law. That the regulations in question happen to touch upon a tax matter does not alter the fundamental administrative law nature of the RFA actions.

The government's own manuals and guidelines support Plaintiffs' significantly narrower interpretation of "tax administration" rather than the one the government advanced in the proceeding below. *See Bittner v. United States*, 143 S. Ct. 713, 722 (2023) (looking to IRS guidelines as tool to interpret the law, especially when "the government has repeatedly issued guidance to the public at odds with the interpretation it now asks us to adopt."); *see also Diamond v. United States*, 944 F. 2d 431 (8th Cir. 1991) (in §6103 cases, courts look to government's own manuals). According to IRS Publication 4639, DISCLOSURE & PRIVACY LAW REFERENCE GUIDE (Rev. 10-2012) ("Publication 4639") [available here], "tax administration" refers to a case "in which a person's liability or collection of that liability under the internal revenue laws, related statutes, or tax conventions is determined, or any judicial proceeding

14

arising out of or in connection with a determination." *Id.*, at 3-10. "The rules for disclosures in tax administration proceedings were formulated for *traditional* judicial tax proceedings, where the United States and the taxpayer are the *only parties* and tax issues are the predominate (*sic*), if not the sole, reason for the proceeding, *i.e.*, Tax Court and refund cases.") (italics added). *Id.*, at 6-4; *see also id.* ("disclosures under section 6103(h) in bankruptcy cases should be limited to information pertaining to the **tax matter that is at issue**." (Emphasis added).

In issuing these guidelines and making them public, the government represented what its position is concerning the law. It cannot now adopt a broader interpretation simply when it finds it more convenient to do so. *Bittner*, 143 S. Ct. at 722.

The policies and procedures reflected in the guidelines above are consistent with case law declining to apply §6103(h)(4) to routine administrative litigation. *See e.g.*, *Greenberger v. Internal Revenue Serv.*, 283 F. Supp. 3d 1354, 1371 (N.D. Ga. 2017) (FOIA proceedings do not pertain to "tax administration"); *Crow v. Internal Revenue Serv.*, 2022 WL 1605265, at *3 (D. Idaho May 20, 2022) (FOIA proceeding in connection with audit not "tax administration"); *Safeway, Inc. v. I.R.S.*,

2006 WL 3041079, at *7 (N.D. Cal. Oct. 24, 2006) (same). An FOIA proceeding is not a "tax proceeding" because it is about the petitioner's "entitlement to information," not any "tax-related liability." *Greenberger*, 283 F. Supp. 3d at 1371.[8]

The district court's overly broad interpretation of the term "tax administration" effectively gives the government a blank check to publicly disclose returns and return information whenever a small business initiates a lawsuit under the RFA (and, for that matter, under any administrative law unrelated to the tax system). Not only is this position unfair and illogical, but it is also inconsistent with Congress' manifest intent in two distinct ways.

---

[8] By way of a hypothetical, suppose a plaintiff sued the IRS/Treasury claiming that the government failed to prepare an environmental impact statement ("EIS") in violation of the National Environmental Policy Act of 1969, as amended (42 U.S.C. §4331, *et seq*.) ("NEPA"). Assume further, that the government sought to use the plaintiff's tax returns to support an Article III or prudential standing defense. According to the logic of the district court and government, Treasury would be free to disclose the tax returns to the entire planet on the grounds that the lawsuit is a proceeding "pertaining to tax administration;" a result never intended by Congress. *See Regulatory Flexibility Improvements Act of 2013*, H.R. Rep. 113-288 (1st Session 2013), 2013 WL 6501156, at 22 (Dec. 11, 2013) (noting that Congress modeled RFA after NEPA). *See also* Treasury Directive 75-02, *Department of the Treasury National Environmental Policy Act (NEPA) Program*, https://home.treasury.gov/about/general-information/orders-and-directives/td75-02 (last accessed on July 3, 2023).

*First*, in amending the RFA in 1996 – and specifically providing for judicial relief – Congress aimed to put an end to Treasury and IRS recalcitrance in complying with the RFA. *Second*, this position flies in the face of the core congressional policy to protect taxpayer privacy. Under the district court's ruling, small businesses will be discouraged from challenging the government's tax regulations under the RFA for fear that their confidential and private information will be revealed to the world.

Accordingly, the district court's decision should be reversed and the term "tax administration" should be applied in such a way as to exclude the RFA challenges initiated by Plaintiffs in *Silver I* and *II*.

## 2. The purpose of the disclosure must have a substantive nexus to the case

Even when a case can be properly described as pertaining to "tax administration," that does not automatically authorize the IRS to publicly disclose Plaintiffs' tax returns. Rather, §6103(h)(4) (as interpreted and applied by the IRS in its own literature) requires that there be a nexus between the underlying "tax" matter and the disclosure.[9] In both *Silver I* and *Silver II*, no such nexus exists. Again, Plaintiffs owed

---

[9] *See supra*, Section 1, discussing IRS Publication 4639.

no tax. Hence, there could not have been any connection between the disclosure and the underlying tax matter.

In *Silver I* and *II*, the government argued that the disclosure of the Confidential Documents was necessary to show that: **(1)** Plaintiffs lacked Article III standing because they did not owe any taxes; and **(2)** Silver Ltd. did not have a place of business in the United States. As to the first point, Plaintiffs *conceded* that they did not owe any tax. Thus, there could not have been any legitimate purpose to use Plaintiffs' tax returns to prove the matter. The only issue was whether Plaintiffs incurred compliance costs in calculating their tax liability (or lack thereof). Nothing in their tax returns sheds any light on whether Plaintiffs incurred compliance costs – the core Article III issue in *Silver I. See City of Clarksville v. Fed. Energy Reg. Comm'n*, 888 F.3d 477, 482 (D.C. Cir. 2018) ("This imposition of new regulatory obligations, in and of itself, is sufficient to establish standing.").

As to the second point, in both *Silver I* and *Silver II* the government contended that Plaintiff Silver Ltd. did not have *statutory* standing under the RFA for lack of a place of business in the United States. This

argument was rejected in *Silver I* and not reached in *Silver II*.[10] There was no justification to disclose an ***entire*** tax return to make the argument that Plaintiff Silver Ltd. lacked a U.S. place of business.

Accordingly, because the disclosure lacked any substantive nexus to the main issue in dispute, the government was prohibited from disclosing the Confidential Documents.

### 3. Disclosure under §6103(h)(4) is permitted only as a last resort

Section 6103(h)(4) authorizes disclosure "only if such purpose or activity cannot otherwise properly be accomplished without making such disclosure." 26 C.F.R. §301.6103(h)(2)-1(b)(iii).

The court below erroneously concluded that the "last resort" requirement of 26 C.F.R. §301.6103(h)(2)-1(b)(iii) only applies to the disclosure of returns and return information "in connection with a Federal grand jury proceeding […]." This is wrong. As the district court noted in *Silver I*, both (h)(2) and (h)(4) are relevant to the propriety of the

---

[10] Under the RFA, only "small entities" that are adversely affected by the agency action are entitled to judicial review. 5 U.S.C. §611(a)(1). In *Silver I* and *II* the government argued that a "small business" for purposes of the RFA is one that has a place of business in the United States. The court in *Silver I* rejected this argument and the court in *Silver II* never reached it.

disclosure. More importantly, the "standards under the latter provision [§6103(h)(4)] are the narrower of the two." *Silver v. Internal Revenue Serv.*, 2021 WL 1177998, at *1 (D.D.C. Mar. 28, 2021). Thus, if 26 C.F.R. §301.6103(h)(2)-1(b)(1) is applicable to §6103(h)(2), it is all the more applicable to disclosure under §6103(h)(4).

The government could have achieved its litigation objective without publicly disclosing the Confidential Documents. As discussed above, Plaintiffs conceded that they did not owe any tax and, thus, there could not have been any legitimate reason to make any disclosures to prove or disprove that fact. Other matters, such as Silver Ltd.'s place of business, can be proven or disproven without resorting to disclosing a complete tax-return and other private financial documents.

Because the government disclosed information to prove allegations that it could have made without making such a disclosure, it cannot rely on §6103(h)(4) as a defense. Accordingly, Plaintiffs have a cognizable legal claim against the government under §§6103 and 7431 and the decision below should be reversed.

### 4. Section 6103(h)(4) does not authorize disclosure via PACER

Perhaps the most troubling aspect of this case concerns the impact

of the relatively new PACER system upon a taxpayer's right to privacy –
one of the core issues addressed by Congress when it first amended
Section 6103 in 1976 to prohibit disclosure of confidential taxpayer
information. At that time, internet-based filings were still a dream.[11] A
court filing was primarily aimed to give notice to the judge and parties of
the particular document filed. While the public had a right of access to
that document, the act of filing was not intended to (nor did it in fact)
disseminate pleadings and other documents to the world at large.

The advent of PACER and e-filing has radically changed the nature
of federal court submissions. Filing through PACER is not merely a filing
in a federal proceeding; it is uploading court documents to a public
database, available to the whole world in exchange for a small fee. *See*
Judiciary Appropriations Act, 1991, Pub. L. No. 101–515, §404, 104 Stat.
2129, 2132–33 (requiring the federal judiciary to charge "reasonable fees
[…] for access to information available through automatic data
processing equipment […]"). When a litigant files through

---

[11] PACER was established in 1988. The CM/ECF filing system was not
instituted until the late 1990s.
*See*     https://www.uscourts.gov/news/2013/12/09/25-years-later-pacer-electronic-filing-continue-change-courts (last accessed on July 3, 2023).

PACER/CM/ECF [which is mandatory under the local rules, *see* Local Rule (U.S. Dist. Ct., D.C.), 5.4(a)], she is not only participating in a federal proceeding, but is *primarily* contributing to the country's largest judicial database. *See* www.pacer.uscourts.gov ("[PACER] service provides electronic public access to federal court records. PACER provides the public with instantaneous access to more than 1 billion documents filed at all federal courts."). It cannot be disputed that when Congress enacted the confidentiality provisions of §6103 in 1976 it could not have even conceived of the ramifications of mass electronic filing created by PACER.

Section 6103(h)(4) must therefore be interpreted to account for the e-filing/PACER revolution. *See* Michael Saltzman & Leslie Book, IRS PRACTICE & PROCEDURE, ¶4.08 *Confidentiality and Disclosure of Tax Returns and Related Information* (Electronic ed. June 2023) ("Since the passage of Section 6103, the creation of the Internet and maintenance of data in an electronic format have changed both the amount of information available to the public generally and the risk that the data will be misused."). *See also Counterman v. Colorado*, No. 22-138, 2023 WL 4187751, at *10 (U.S. June 27, 2023) (discussing the impact of the

22

internet on society and the law).

Section 6103(h)(4) should not permit the massive publication of highly confidential information over the World Wide Web. It should only authorize limited disclosure to the court and the parties, as was the case when it was first enacted, a point that the IRS recognizes in its own publications. Disclosure in a "proceeding" means "a disclosure of returns or return information made to a *court* (including a court reporter or stenographer), a *mediator* or *arbitrator*, or to a *party to the proceeding* under the practices and procedures generally applicable to such proceeding, and subject to any rules governing such proceeding." IRS Publication 4639, at 6-14 (italics added).

The plain language of §6103(h)(4) also supports such a reading. Section 6103(h)(4) authorizes disclosure "in a Federal or State judicial or administrative proceeding […]". As discussed above, a PACER filing is not only a submission in a federal proceeding. It is also a wholesale, automatic upload of documents to a public forum. Section 6103(h)(4) should not apply to these types of filings.

In light of the above, the government was never authorized to disclose the Confidential Documents over the internet and the decision of

the district court should be reversed.

## CONCLUSION

For all the reasons above, the judgment below should be reversed,

and the case remanded for further proceedings to determine the amount

of damages.

Date: July 3, 2023

Respectfully submitted,


*/s/ L. Marc Zell*                              */s/ Noam Schreiber*
_____          _____
L. Marc Zell (Bar No. 28960)          Noam Schreiber (Bar No. 63387)
ZELL & ASSOCIATES                         ZELL, ARON & CO.
INTERNATIONAL ADVOCATES, LLC    34 Ben Yehuda St.
1345 Ave. of the Americas              14th Floor
New York, NY 10105                      Jerusalem, Israel 9423001
(212)-971-1349                            011-972-2-633-6300
*Email:* [mzell@fandz.com](mailto:mzell@fandz.com)       *Email:* [noam.schreiber@fandz.com](mailto:noam.schreiber@fandz.com)

*Counsel for Plaintiffs-Appellants*

24

## CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [**X**] this document contains 4,365 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [**X**] this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14.

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, a copy of the foregoing document was served electronically through the Court's ECF system on all counsel of record.

*/s/ Noam Schreiber*

_____
Noam Schreiber (Bar No. 63387)
ZELL, ARON & CO.
34 Ben Yehuda St.
14th Floor
Jerusalem, Israel 9423001
011-972-2-633-6300
*Email: noam.schreiber@fandz.com*

*Counsel for Plaintiffs-Appellants*

26