[ORAL ARGUMENT NOT YET SCHEDULED]
# No. 23-5049

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

### MONTE SILVER and MONTE SILVER, LTD.,

**Plaintiffs-Appellants**

v.

### UNITED STATES OF AMERICA,

**Defendant-Appellee**

_____

## ON APPEAL FROM THE ORDER OF THE UNITED STATES
## DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

## BRIEF FOR THE APPELLEE

_____

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

ARTHUR T. CATTERALL          **(202) 514-2937**
GEOFFREY J. KLIMAS          **(202) 307-6346**
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
MATTHEW M. GRAVES
  *United States Attorney*

15256057.1

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**A.    Parties and Amici**.  The plaintiffs, appellants in this

Court, are Monte Silver and Monte Silver, Ltd.  The defendant, appellee

in this Court, is the United States of America.  No intervenors or *amici*

have appeared either in the proceedings below or in this Court.

**B.    Rulings Under Review**.

Appellants seek review of the Order of the District Court (Judge

Reggie B. Walton) dated January 30, 2023 (D.D.C. Case No. 22-cv-

00013) (JA28), entered pursuant to the Memorandum Opinion (JA11-

27) entered that same day.  Together, these rulings granted the United

States' motion to dismiss.  The Memorandum Opinion is not reported

but is available at 2023 WL 1100747.

**C.    Related Cases**.  This case has not previously been before

this Court or any other appellate court.  Appellants have filed two other

cases that may be considered related cases within the meaning of D.C.

Cir. R. 28(a)(1)(C): *Silver, et al. v. Internal Revenue Serv., et al.*,

No. 1:19-cv-247-APM (D.D.C.), *aff'd*, No. 21-5116 (D.C. Cir.), *cert.

denied*, No. 22-907 (S. Ct.), and *Silver, et al. v. Internal Revenue Serv.,*

-ii-

*et al.*, No. 1:20-cv-1544-CKK (D.D.C.), *appeal docketed*, No. 22-5341

(D.C. Cir.).

-iii-

# TABLE OF CONTENTS

**Page**

Certificate as to parties, rulings, and related cases ...............................i

Table of contents....................................................................... iii

Table of authorities .................................................................. v

Glossary ................................................................................ x

Statement of jurisdiction............................................................. 1

Statement of the issue................................................................. 2

Statutes and regulations.............................................................. 3

Statement of the case ................................................................. 3

    A.    The nature of the case and course of proceedings in the District Court ................................................................... 3

    B.    Proceedings in plaintiffs' prior two suits ............................... 4

        1.    *Silver I* .......................................................... 4

        2.    *Silver II*......................................................... 8

    C.    Proceedings in the instant suit........................................... 10

Summary of argument ................................................................ 12

Argument ............................................................................... 14

The District Court correctly dismissed plaintiffs' unauthorized disclosure suit for failure to state a claim upon which relief could be granted ................................................................................ 14

    Standard of review .................................................................. 14

    A.    Introduction:  Section 6103(a)'s prohibition against the unauthorized disclosure of returns and return information ......................................................................... 15

    B.    The District Court correctly held that the disclosures during the *Silver I* and *Silver II* proceedings were authorized under Section 6103(h)(4)(A)......................... 17

**Page**

1.    Section 6103(h)(4)(A) authorizes the disclosure of returns and return information in a "proceeding pertaining to tax administration" to which the taxpayer is a party ...................................... 17

    a.    Plaintiffs were parties to *Silver I* and *Silver II* ..................................................... 18

    b.    *Silver I* and *Silver II* were proceedings pertaining to tax administration ....................... 19

2.    Plaintiffs' interpretation of Section 6103(h)(4)(A) improperly adds multiple requirements not found in the statutory text .................................... 33

    a.    Section 6103(h)(4)(A) does not contain a "substantive nexus" requirement ....................... 34

    b.    Section 6103(h)(4)(A) does not contain a "last resort" requirement ............................. 43

3.    The Government's authorized disclosures of plaintiffs' returns and return information were not rendered unauthorized by the fact that they were made using the CM-ECF system ................................. 46

Conclusion ............................................................... 51
Certificate of compliance ....................................... 52
Addendum ............................................................. 52

-v-

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Abelein v. United States,*
  323 F.3d 1210 (9th Cir. 2003) ...................................................... 18

*Am. Civil Liberties Union v. Central Intelligence Agency,*
  109 F. Supp. 3d 220 (D.D.C. 2015) ............................................... 21

*Bittner v. United States,*
  598 U.S. 85 (2023) ..............................................................28-29

*BP P.L.C.* v. *Mayor & City Council of Balt.,*
  141 S. Ct. 1532 (2021) ................................................................ 33

*Chiron Corp. and PerSeptive Biosystems, Inc. v. Nat'l
  Transp. Safety Bd.,* 198 F.3d 935 (D.C. Cir. 1999) ..................... 38

*Church of Scientology of Calif. v. Internal Revenue Serv.,*
  792 F.2d 153 (D.C. Cir. 1986) (en banc),
  *aff'd,* 484 U.S. 9 (1987) ............................................................... 15

*Commissioner v. Soliman,*
  506 U.S. 168 (1993) ..................................................................... 21

*Crow v. Internal Revenue Serv.,*
  2022 WL 1605265 (D. Idaho May 20, 2022) ............................... 30

*Davis Broad. Inc. v. F.C.C.,*
  63 F. App'x 526 (D.C. Cir. 2003) ................................................. 19

*Diamond v. United States,*
  944 F.2d 431 (8th Cir. 1991) ................................................28-29

*Elec. Privacy Info. Ctr. v. Internal Revenue Serv.,*
  910 F.3d 1232 (D.C. Cir. 2018) ............................................ 16, 28

*First W. Gov't Secs., Inc. v. United States,*
  796 F.2d 356 (10th Cir. 1986) ..................................................... 20

*Fox v. Gov't of D.C.,*
  794 F.3d 25 (D.C. Cir. 2015) ....................................................... 12

*Gardner v. United States,*
  213 F.3d 735 (D.C. Cir. 2000)...................................................... 20

*Greenberger v. Internal Revenue Serv.,*
  283 F. Supp. 3d 1354 (N.D. Ga. 2017) ........................................ 31

*Johnson v. Greater Se. Cmty. Hosp. Corp.,*
  951 F.2d 1268 (D.C. Cir. 1991) ................................................... 49

## Cases (continued):          Page(s)

*Kim v. United States,*
  632 F.3d 713 (D.C. Cir. 2011)......................................................... 14

*Landmark Legal Found. v. IRS,*
  267 F.3d 1132 (D.C. Cir. 2001) .................................................... 16

*Miller v. Commissioner,*
  114 T.C. 184 (2000)....................................................................... 28

*Murphy Exploration and Prod. Co. v. U.S. Dep't of the*
  *Interior,* 252 F.3d 473 (D.C. Cir. 2001) ................................... 26-27

*Nasdaq Stock Mkt. LLC v. S.E.C.,*
  38 F.4th 1126 (D.C. Cir. 2022) ...................................................... 46

*New Jersey v. U.S. Nuclear Regulatory Comm'n,*
  526 F.3d 98 (3d Cir. 2008) ............................................................. 39

*Norman E. Duquette, Inc. v. Commissioner,*
  110 F. Supp. 2d 16 (D.D.C. 2000) ................................................. 19

*Optimal Wireless LLC v. Internal Revenue Serv.,*
  ---- F.4th ----, 2023 WL 5023433 (D.C. Cir. 2023)........................ 34

*Padula v. Webster,*
  822 F.2d 97 (D.C. Cir. 1987) ......................................................... 38

*People for the Ethical Treatment of Animals v. Nat'l Insts.*
  *of Health, Dep't of Health and Human Servs.,*
  745 F.3d 535 (D.C. Cir. 2014)........................................................ 21

*Plotkin v. United States,*
  465 F. App'x 828 (11th Cir. 2012) ................................................. 18

*Polselli v. Internal Revenue Serv.,*
  598 U.S. 432 (2023) ........................................................................ 36

*Railway Labor Ass'n v. United States R.R. Ret. Bd.,*
  749 F.2d 856 (D.C. Cir. 1984)........................................................ 19

*Rice v. United States,*
  166 F.3d 1088 (10th Cir. 1999) ...................................................... 18

*Sack v. Central Intelligence Agency,*
  53 F. Supp. 3d 154 (D.D.C. 2014) ................................................. 21

*Safeway, Inc. v. Internal Revenue Serv.,*
  2006 WL 3041079 (N.D. Cal. Oct. 24, 2006)................................ 31

*Sebelius* v. *Cloer,*
  569 U.S. 369 (2013) ........................................................................ 36

**Cases (continued):**                                                    **Page(s)**

*Silver v. Internal Revenue Serv.*,
  143 S. Ct. 2436 (2023) ....................................................... 7
*Silver v. Internal Revenue Serv.*,
  531 F. Supp. 3d 346 (D.D.C. 2021) ................................... 5
*Silver v. Internal Revenue Serv.*,
  569 F. Supp. 3d 5 (D.D.C. 2021) ...................................... 5
*Silver v. Internal Revenue Serv.*,
  2021 WL 1177998 (D.D.C. Mar. 28, 2021)........... 6-7, 22-23, 40-41
*Silver v. Internal Revenue Serv.*,
  2022 WL 16744921 (D.D.C. Nov. 7, 2022) .............................. 9, 24
*Silver v. Internal Revenue Serv.*,
  2022 WL 17420308 (D.C. Cir. Dec. 6, 2022) ................................. 7
*Silver, et al. v. Internal Revenue Serv., et al.*,
  No. 1:19-cv-247-APM (D.D.C.) ....................... 4-7, 22-24, 31, 40-41
*Silver, et al. v. Internal Revenue Serv., et al.*,
  No. 1:20-cv-1544-CKK (D.D.C.) ........................8-10, 24-26, 31, 41
*Silver, et al. v. Internal Revenue Serv., et al.*,
  No. 21-5116 (D.C. Cir.) ......................................................23-24, 42
*Silver, et al. v. Internal Revenue Serv., et al.*,
  No. 22-5341 (D.C. Cir.) ...................................................... 10, 25, 42
*Tax Analysts v. I.R.S.*,
  97 F. Supp. 2d 13 (D.D.C. 2000), *reconsideration*
  *denied*, 152 F. Supp. 2d 1 (D.D.C. 2001), *aff'd in part*
  *and rev'd in part*, 294 F.3d 71 (D.C. Cir. 2002)............................ 38
*United States v. Hubbard*,
  650 F.2d 293 (D.C. Cir. 1980)........................................7-8, 49-50
*United States v. Mangan*,
  575 F.2d 32 (2d Cir. 1978) .............................................. 20

**Statutes:**

5 U.S.C. § 603 ................................................................... 32

Internal Revenue Code (26 U.S.C.):
  § 951A................................................................................ 3
  § 962 ..........................................................................3-4, 6, 22

**Statutes (continued):**                                               **Page(s)**

Internal Revenue Code (26 U.S.C.) (cont'd):

§ 965 ................................................................................3-4, 22-23

§ 6013 ................................................................................ 19

§ 6103 ........................................ 6-7, 10-12, 15-16, 21, 29, 32-33, 37-38, 42, 46, 48, 50

§ 6103(a)................................................................................15-16

§ 6103(b)(1) ................................................................................ 15

§ 6103(b)(2)(A) ................................................................................ 16

§ 6103(b)(4) ........................................................ 13, 20, 26-28, 30

§ 6103(b)(4)(A) ................................................................................ 20

§ 6103(b)(4)(A)(i) ................................................................23, 25-26

§ 6103(b)(4)(A)(ii) ................................................................................ 26

§ 6103(b)(4)(B) ................................................................20, 26

§ 6103(b)(8) ................................................................14, 47-48

§ 6103(c)-(q) ................................................................................ 16

§ 6103(g)(2) ................................................................................ 42

§ 6103(h)(2)(A) ................................................................................ 45

§ 6103(h)(4) ............................. 6, 11-14, 16-17, 32, 35, 42, 44-48, 50

§ 6103(h)(4)(A) ............... 2-3, 10-13, 17-19, 26-27, 33-37, 39, 42-45

§ 6103(h)(4)(B) ................................................................................ 35

§ 6103(h)(4)(C) ................................................................................ 35

§ 6103(i)(2)-(3) ................................................................................ 43

§ 6103(i)(7) ................................................................................ 43

§ 6103(k)(14) ................................................................................ 43

§ 7431 ................................................................1, 12, 16, 29, 37

§ 7431(a) ................................................................17, 37

§ 7431(b) ................................................................................ 29

Tax Cuts and Jobs Act of 2017, Pub. L. 115-97 ................................. 2

28 U.S.C.:

§ 1291 ................................................................................ 2

§ 1331 ................................................................................ 2

**Regulations:**                                                                    **Page(s)**

Treasury Regulation (26 C.F.R.):
    §§ 1.951A-1 to 1.951A-7.................................................... 8
    § 1.962-1(b)(1)(i) ............................................................ 5
    § 1.962-2(a)................................................................... 5
    § 1.965-0, *et seq.* .......................................................... 5
    § 301.6103(h)(2)-1(b)(1) ............................................... 44
    § 301.6103(h)(2)-1(b)(1)(i) ........................................... 46

**Miscellaneous:**

Stephanie Hunter McMahon, *Classifying Tax Guidance
    According to End Users*, 73 Tax Law. 245 (2020) ........................ 28

Disclosure & Privacy Law Reference Guide,
    available at https://www.irs.gov/pub/irs-pdf/p4639.pdf
    (last revised Oct. 2012)....................................27-28, 30, 36-38, 49

Fed. R. App. P. 4(a)(1)(B).................................................... 2

Fed. R. Civ. P. 5.2.......................................................... 50

https://www.dictionary.com/browse/pertain (last visited
    Aug. 23, 2023) ............................................................... 21

Saltzman & Book, *IRS Practice and Procedure*,
    ¶ 4.08 Confidentiality and Disclosure of Tax Returns
    and Related Information (June 2023). ........................................ 50

Local Civil Rule 5.4 ......................................................... 47

S. Rep. No. 94-938, pt. I (June 10, 1976), *reprinted in*
    1976 U.S.C.C.A.N. 3438 (1976)........................................ 15

-x-

# GLOSSARY

| Term | Definition |
|------|------------|
| Br. | Appellants' opening brief on appeal |
| Doc. | Documents of record as numbered by the Clerk of the District Court |
| The Guide | Disclosure & Privacy Law Reference Guide |
| I.R.C. | Internal Revenue Code (26 U.S.C.) |
| IRS | Internal Revenue Service |
| JA____ | Joint Appendix |
| Limited | Plaintiff-Appellant Monte Silver, Ltd. |
| Plaintiffs | Monte Silver and Monte Silver, Ltd. |
| Silver | Plaintiff-Appellant Monte Silver |
| Treas. Reg. | Treasury Regulation (26 C.F.R.) |

[ORAL ARGUMENT NOT YET SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 23-5049

MONTE SILVER and MONTE SILVER, LTD.,

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

_____

ON APPEAL FROM THE ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
_____

BRIEF FOR THE APPELLEE
_____

STATEMENT OF JURISDICTION

Monte Silver ("Silver") and Monte Silver, Ltd. ("Limited")

(collectively, "plaintiffs") filed this suit against the United States in the

United States District Court for the District of Columbia, seeking

damages under Section 7431 of the Internal Revenue Code ("I.R.C.")

(26 U.S.C.) for the allegedly unauthorized disclosure of Silver's tax

15256057.1

-2-

returns and associated return information.  (JA1-10.)  The court had

jurisdiction under the federal question statute, 28 U.S.C. § 1331.

On January 30, 2023, the District Court entered an order

dismissing plaintiffs' suit pursuant to an opinion granting the United

States' motion to dismiss.  (JA11-28.)  This order disposed of all claims

of all parties.  On March 9, 2023, plaintiffs filed a timely notice of

appeal.  (JA29; Fed. R. App. P. 4(a)(1)(B).)  This Court has jurisdiction

under 28 U.S.C. § 1291.

### STATEMENT OF THE ISSUE

Plaintiffs filed two prior suits in which they sought to prevent the

Internal Revenue Service ("IRS") from enforcing regulations

promulgated under the Tax Cuts and Jobs Act of 2017, Pub. L. 115-97.

The issue presented is whether the District Court correctly held that

the Government's disclosure of Silver's returns and return information

in those prior suits was authorized under Section 6103(h)(4)(A), which

provides that a taxpayer's returns and return information may be

disclosed in a "proceeding pertaining to tax administration … if the

taxpayer is a party to the proceeding."

-3-

## STATUTES AND REGULATIONS

The relevant statutory and regulatory provisions are set forth in the addendum, *infra*.

## STATEMENT OF THE CASE

### A.    The nature of the case and course of proceedings in the District Court

This case represents the third suit that plaintiffs have filed against the Government in the span of three years. The first two suits—which we refer to as *Silver I* and *Silver II*, respectively—involved challenges to regulations that the Treasury Department promulgated under Sections 951A, 962, and 965 of the Internal Revenue Code. In support of dispositive motions filed in those suits, the Government submitted copies of Silver's returns and associated return information. Plaintiffs then filed the instant suit, seeking damages for that allegedly unauthorized disclosure of Silver's returns and return information in the *Silver I* and *Silver II* proceedings. The District Court held that the disclosures were authorized under Section 6103(h)(4)(A) and dismissed the instant suit for failure to state a claim upon which relief could be granted.

-4-

## B.   Proceedings in plaintiffs' prior two suits

### 1.   *Silver I*

a.  In *Silver I*, plaintiffs alleged that the Treasury Department had failed to comply with the Regulatory Flexibility Act when it promulgated comprehensive regulations under newly revised Section 965 (which essentially imposed a one-time "transition tax" on 10% U.S. shareholders of "controlled foreign corporations" with accumulated, untaxed earnings held offshore) as well as minor amendments to regulations under Section 962 (which had long allowed such shareholders who are individuals to avail themselves of certain corporate tax attributes).  *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:19-cv-247-APM (D.D.C.) (Doc. 5 at pp. 1-19).  Those regulations provided guidance on, among other things:

• the methodology for calculating the transition tax and the IRS's authority to disregard abusive transactions;

• the terms under which shareholders could make one or more taxpayer-favorable elections under Section 965, such as paying their transition tax liability in installments spread over 8 years; and

15256057.1

-5-

• the types of shareholders eligible to make an election under

Section 962(d).

Treasury Regulation ("Treas. Reg.") (26 C.F.R.) §§ 1.962-1(b)(1)(i),

1.962-2(a); Treas. Reg. § 1.965-0, *et seq.*  In their prayer for relief,

plaintiffs sought an order preventing the IRS from enforcing Section

965, 962, and the accompanying regulations against themselves and all

small businesses.  *Silver, et al. v. Internal Revenue Serv., et al.*,

No. 1:19-cv-247-APM (D.D.C.) (Doc. 5 at p. 19).

Following cross-motions for summary judgment, the court held

that (i) plaintiffs had failed to establish Article III standing and

(ii) neither Silver nor Limited had "statutory standing" to seek judicial

review under the Regulatory Flexibility Act.  *Silver v. Internal Revenue

Serv.*, 531 F. Supp. 3d 346, 356-66 (D.D.C. 2021).  On plaintiffs' motion

for reconsideration, the court reaffirmed its holding that plaintiffs

lacked Article III standing.  *Silver v. Internal Revenue Serv.*, 569 F.

Supp. 3d 5, 8-11 (D.D.C. 2021).  Nonetheless, it held that Limited (but

not Silver) would have been entitled to bring suit under the Regulatory

Flexibility Act if it could have established Article III standing.  *Id.* at

11-13.

-6-

b.  In support of its summary judgment briefing, the Government submitted the two amendments to Silver's 2017 tax return along with his Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, on which he reported his interest in Limited.  *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:19-cv-247-APM (D.D.C.) (Doc. 57-3).  Together, these filings showed the relationship between Silver and Limited, that Silver owed no transition tax, and that Silver had made (and amended) an I.R.C. § 962 election. *Id.*

Plaintiffs moved to seal that material, contending that it had been filed in violation of Section 6103 (which governs the disclosure of returns and return information).  *Id.* (Docs. 59, 64).  The district court rejected that contention, holding that the disclosure was permitted under Section 6103(h)(4), which authorizes the disclosure of returns and return information in proceedings pertaining to tax administration where, among other things, the taxpayer is a party.  *Silver v. Internal Revenue Serv.*, 2021 WL 1177998, at *1-*2 (D.D.C. Mar. 28, 2021). Nonetheless, the court kept the material provisionally sealed so that the parties could submit supplemental briefing addressing whether a

-7-

protective order was warranted based on the factors articulated in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). *Id.* at *2-*3. The district court had yet to rule on that supplemental briefing when plaintiffs appealed.

    c. On appeal, the D.C. Circuit affirmed the district court's holding that plaintiffs lacked Article III standing; it did not reach the Government's alternative arguments in favor of affirmance, including that plaintiffs lacked statutory standing under the RFA. *Silver v. Internal Revenue Serv.*, 2022 WL 17420308, at *1-*2 (D.C. Cir. Dec. 6, 2022). The Court also held that it did not have appellate jurisdiction over the protective-order issue in the absence of a final ruling thereon. *Id.* at *2-*3. The Supreme Court denied plaintiffs' petition for certiorari. *Silver v. Internal Revenue Serv.*, 143 S. Ct. 2436 (2023).

    The district court has since entered a final protective order. *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:19-cv-247-APM (D.D.C.) (Doc. 86 at pp. 1-4). In its opinion, the court reiterated its prior holding that the Government "had not violated 26 U.S.C. § 6103 by filing Plaintiffs' tax return information on the public record" and noted that the material contained "facts … relevant to the disputed issues."

(*Id.* at pp. 1-2.)  Nonetheless, the court determined that some redactions (in addition to those proposed by the Government) were appropriate in light of the *Hubbard* factors.  (*Id.* at pp. 2-3.)  The court also continued to keep the material provisionally sealed in its entirety to allow plaintiffs the opportunity to pursue an appeal.  (*Id.* at pp. 3-4.)

### 2.    *Silver II*

a.  In *Silver II*, plaintiffs filed suit alleging that the Treasury Department had failed to comply with the Regulatory Flexibility Act when it promulgated comprehensive regulations under newly added Section 951A, which expanded the types of income earned by "controlled foreign corporations" that their 10% U.S. shareholders must include in gross income regardless of actual receipt.  *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:20-cv-1544-CKK (D.D.C.) (Doc. 1 at pp. 1-15).  Those regulations provided guidance on, among other things, the methodology for U.S. shareholders to calculate the components and subcomponents of this "global intangible low-taxed income" ("GILTI") and the IRS's authority to disregard abusive transactions.  *See* Treas. Reg. §§ 1.951A-1 to 1.951A-7.  In their prayer for relief, plaintiffs sought an order preventing the IRS from enforcing the Section 951A

regulations against themselves and all small entities. *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:20-cv-1544-CKK (D.D.C.) (Doc. 1 at p. 14).

b.  The district court granted the Government's motion to dismiss. *Silver v. Internal Revenue Serv.*, 2022 WL 16744921, at *1 (D.D.C. Nov. 7, 2022).  The court first held that plaintiffs had plausibly alleged that they had Article III standing.  *Id.* at *3.  However, the court concluded that plaintiffs' suit sought to restrain the assessment and collection of taxes in violation of the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act.  *Id.* at *4-*5.  The court did not reach the Government's alternative argument that neither Silver nor Limited had statutory standing to seek judicial review under the Regulatory Flexibility Act.  *Id.* at *3.

Prior to filing its motion to dismiss, the Government conferred with plaintiffs about its intention to submit a copy of Silver's Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, in support of the Government's statutory standing argument.  (Doc. 1-2 at p. 1.)  Plaintiffs provided proposed redactions to the Form 5471, which the Government largely accepted;

-10-

however, plaintiffs reserved the right to assert that disclosure of the
redacted Form 5471 still constituted a violation of Section 6103.  (*Id.* at
p. 2.)  The Government then submitted the redacted Form 5471 in
connection with its motion to dismiss.  *Silver, et al. v. Internal Revenue
Serv., et al.*, No. 1:20-cv-1544-CKK (D.D.C.) (Doc. 9-2 at p. 9).

c.  Plaintiffs appealed to the D.C. Circuit, and their appeal
remains pending.  *Silver, et al. v. Internal Revenue Serv., et al.*, No. 22-
5341 (D.C. Cir.).

## C.    Proceedings in the instant suit

In the instant suit, plaintiffs alleged that the Government's
submission of Silver's returns and return information in *Silver I* and
*Silver II* constituted unauthorized disclosures in violation of
Section 6103 of the Internal Revenue Code.  (JA1-10.)  However, their
complaint failed to acknowledge the *Silver I* court's holding that these
submissions were authorized under Section 6103(h)(4)(A), which
permits the disclosure of a taxpayer's returns and return information in
a proceeding pertaining to tax administration if the taxpayer is a party.
*Supra*, p. 6.

-11-

The Government moved to dismiss plaintiffs' suit on the basis that Section 6103(h)(4)(A) authorized the disclosures, and the District Court granted the Government's motion.  First, the court held that *Silver I* and *Silver II* were proceedings pertaining to tax administration to which Silver was a party.  (JA20-23.)  Second, the court rejected plaintiffs' argument that disclosures under Section 6103(h)(4) are only permitted as a "last resort," noting that the argument was predicated on a regulation that was inapplicable to disclosures under (h)(4).  (JA24-26.)  Finally, the court rejected plaintiffs' argument that the Government had violated Section 6103 by submitting Silver's returns and return information via the Case Management-Electronic Case Files system, observing that nothing in the statute precludes electronic filing and that, in fact, the court's local rules require it.[1]  (JA16-17.)

---

[1] In their complaint, plaintiffs alleged the Government had violated Section 6103 both (i) when the IRS disclosed Silver's returns and return information to the Department of Justice and (ii) when the Department of Justice disclosed the returns and return information to the court in *Silver I* and *Silver II*.  (JA8-9.)  In the proceedings below, the District Court concluded that plaintiffs had failed to respond to the Government's argument that the IRS's disclosures to DOJ were authorized by Section 6103(h)(2) and, therefore, that they had "conceded the argument regarding the disclosure to the DOJ under § 6103(h)(2)."  (JA19-20 at n.9.)  Plaintiffs do not challenge that

(continued…)

# SUMMARY OF ARGUMENT

To maintain a suit for damages under Section 7431, a plaintiff must establish that his returns or return information were disclosed in violation of Section 6103.  Plaintiffs cannot do so here, since the submission of Silver's returns and return information during the *Silver I* and *Silver II* proceedings was expressly authorized by Section 6103(h)(4)(A).  The District Court therefore correctly dismissed the instant suit for failure to state a claim upon which relief could be granted.

1.  Section 6103(h)(4)(A) authorizes the disclosure of returns and return information in a "proceeding pertaining to tax administration … if the taxpayer is a party."  I.R.C. § 6103(h)(4)(A).  There is no dispute that Silver was a party to *Silver I* and *Silver II*.  Nor should there be any real dispute that *Silver I* and *Silver II* "pertained" to tax administration, given that plaintiffs sought to prevent the IRS from

---

conclusion in their opening brief.  (*See* Br. 1-2 (identifying the issue on appeal as whether the disclosures in *Silver I* and *Silver II* were authorized under Section 6103(h)(4).)  Accordingly, we do not further address the propriety of the IRS's disclosures to the Department of Justice.  *See Fox v. Gov't of D.C.*, 794 F.3d 25, 29 (D.C. Cir. 2015) (arguments not raised in opening brief are waived).

-13-

enforcing statutes and regulations that govern the application of the
transition tax and GILTI provision enacted in 2017, the calculations
required under those provisions, and associated anti-abuse rules.
Consequently, the terms of Section 6103(h)(4)(A) were satisfied and
plaintiffs' suit was properly dismissed.

Plaintiffs' contrary argument is based not on the statutory
definition of "tax administration," *see* I.R.C. § 6103(b)(4), but on
informal agency guidance that purportedly limits the meaning of the
phrase "proceeding pertaining to tax administration."  (Br. 14-15.)
However, that guidance instructs readers that it is not authoritative
and may not be used to sustain a legal position.  And even if plaintiffs
could rely on the guidance, it does not support the narrow construction
of Section 6103(h)(4) that they advance.

2.  On appeal, plaintiffs urge this Court to read two additional
requirements into Section 6103(h)(4), namely a "substantive nexus"
requirement and a "last resort" requirement.  (Br. 17-20.)  However,
plaintiffs' "substantive nexus" argument is not properly before this
Court because they failed to raise it in the proceedings below.  And
adopting either a "substantive nexus" requirement or a "last resort"

-14-

requirement would involve engrafting a limitation onto (h)(4) that has no basis in Section 6103's text, structure, or history.

3.  Finally, there is no merit to plaintiffs' contention that disclosures under Section 6103(h)(4) cannot be accomplished using the Case Management-Electronic Case Files system.  (Br. 20-24.)  By statute, "disclosure" means "the making known … in any manner whatever."  I.R.C. § 6103(b)(8).  There is simply no basis to exclude electronic filing from that expansive definition.

The District Court's order dismissing plaintiffs' suit should be affirmed.

## ARGUMENT

**The District Court correctly dismissed plaintiffs' unauthorized disclosure suit for failure to state a claim upon which relief could be granted**

### Standard of review

This appeal presents a question of law, decided on a motion to dismiss.  This Court reviews the District Court's resolution of that issue *de novo.  Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011).

-15-

### A.   Introduction:  Section 6103(a)'s prohibition against the unauthorized disclosure of returns and return information

The rules governing the inspection and disclosure of tax returns and return information are set forth in Section 6103 of the Internal Revenue Code.  As discussed below, Section 6103 reflects a balance that Congress struck between protecting (i) taxpayers' interest in keeping their tax information private and (ii) government agencies' legitimate interest in inspecting and disclosing that information.  S. Rep. No. 94-938, Part I, at 318 (June 10, 1976), *reprinted in* 1976 U.S.C.C.A.N. 3438, 3747 (1976).

Section 6103(a) of the Internal Revenue Code sets forth a general rule that "returns" and "return information" shall be confidential, and shall not be disclosed "except as authorized by this title."  I.R.C. § 6103(a); *see also Church of Scientology of Calif. v. Internal Revenue Serv.*, 792 F.2d 153, 156 (D.C. Cir. 1986) (en banc), *aff'd*, 484 U.S. 9 (1987).  The term "return" is defined to include "any tax or information return, declaration of estimated tax, or claim for refund … which is filed with the Secretary [of the Treasury] …"  I.R.C. § 6103(b)(1).  The term "return information" is expansively defined to include:

-16-

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense …

I.R.C. § 6103(b)(2)(A); *see also Elec. Privacy Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1240-41 (D.C. Cir. 2018); *Landmark Legal Found. v. IRS*, 267 F.3d 1132, 1134-35 (D.C. Cir. 2001).

The general prohibition against disclosure in Section 6103(a) is subject to a series of interrelated exceptions, somewhat like the evidentiary rule against hearsay. I.R.C. § 6103(c)-(q). As explained below, the relevant exception here is Section 6103(h)(4), which authorizes the disclosure of returns and return information "in a Federal or State judicial or administrative proceeding pertaining to tax administration" if certain conditions are satisfied.

Section 7431 provides a cause of action for taxpayers whose returns or return information have been disclosed in violation of Section 6103. I.R.C. § 7431. To recover civil damages under Section

-17-

7431, a taxpayer must establish that (1) his return or return

information was disclosed, (2) the disclosure was made in violation of

Section 6103, and (3) the violation occurred as the result of knowing or

negligent conduct.  I.R.C. § 7431(a).

> **B.    The District Court correctly held that the disclosures
> during the *Silver I* and *Silver II* proceedings were
> authorized under Section 6103(h)(4)(A)**
>
> > **1.    Section 6103(h)(4)(A) authorizes the disclosure of
> > returns and return information in a "proceeding
> > pertaining to tax administration" to which the
> > taxpayer is a party**

Section 6103(h)(4) provides that returns and return information

"may be disclosed in a Federal or State judicial or administrative

proceeding pertaining to tax administration" if one of four tests is

satisfied.  I.R.C. § 6103(h)(4).  The first test—known as the "party

test"—is met if, among other things, the taxpayer

> is a party to the proceeding, or the proceeding arose out of, or in
> connection with, determining the taxpayer's civil or criminal
> liability, or the collection of such civil liability, in respect of any
> tax imposed under this title.

I.R.C. § 6103(h)(4)(A).  Thus, under Section 6103(h)(4)(A), the

Government is authorized to disclose a taxpayer's returns and return

information in a judicial proceeding as long as (a) the taxpayer is a

party to that proceeding and (b) the proceeding pertains to tax administration. *Id.*

Here, the disclosure of plaintiffs' returns and return information during the *Silver I* and *Silver II* proceedings satisfied both elements. The District Court therefore correctly held that the disclosures were authorized as a matter of law and properly dismissed the instant suit. (JA20-27.)

### a.    Plaintiffs were parties to *Silver I* and *Silver II*

It is undisputed that Silver (as well as Limited) was a party to both *Silver I* and *Silver II*, the proceedings in which the disclosure of Silver's returns and return information occurred.  (JA21.) Consequently, the District Court correctly held that the first prong of Section 6103(h)(4)'s party test was satisfied.  (*Id.*); *see also, e.g.*, *Plotkin v. United States*, 465 F. App'x 828, 833-34 (11th Cir. 2012); *Abelein v. United States*, 323 F.3d 1210, 1216 n.3 (9th Cir. 2003); *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999).

In a perfunctory footnote, plaintiffs note that some of the returns disclosed in *Silver I* were filed jointly by Silver and his wife, Tal Solomon, who was not a party to either *Silver I* or *Silver II*.  (Br. 7 n.4.)

By failing to develop this argument, plaintiffs have waived it.  *See Davis Broad. Inc. v. F.C.C.*, 63 F. App'x 526, 527 (D.C. Cir. 2003) (citing *Railway Labor Ass'n v. United States R.R. Ret. Bd.*, 749 F.2d 856, 859 n.6 (D.C. Cir. 1984)).  In any event, Solomon is not seeking damages for the disclosure of her returns or otherwise participating in the instant action, and plaintiffs lack standing to assert Solomon's rights in her absence.  *See Norman E. Duquette, Inc. v. Commissioner*, 110 F. Supp. 2d 16, 23 (D.D.C. 2000) (collecting cases).  Even if plaintiffs could assert Solomon's rights, any items that would have otherwise been Solomon's separate return information became Silver's and her joint return information upon their filing of a joint return.  *See generally* I.R.C. § 6013.  And once those items became Silver's return information, they could properly be disclosed in a proceeding pertaining to tax administration to which Silver was a party.  *See* I.R.C. § 6103(h)(4)(A).

### b.  *Silver I* and *Silver II* were proceedings pertaining to tax administration

The main thrust of plaintiffs' appeal is that *Silver I* and *Silver II* were not "proceeding[s] pertaining to tax administration," a predicate to the applicability of Section 6103(h)(4)'s party test.  (Br. 12-17.)  Upon examination, this argument collapses under its own weight.

-20-

1. Section 6103(b)(4) provides a wide-ranging definition of the

term "tax administration":

The term "tax administration"—

(A) means—

> (i) the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and

> (ii) the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions, and

(B) includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions.

I.R.C. § 6103(b)(4)(A), (B). Consistent with that comprehensive

definition, this Court and others have adopted a broad interpretation of

the term "tax administration." *Gardner v. United States*, 213 F.3d 735,

738 (D.C. Cir. 2000) ("The Internal Revenue Code defines 'tax

administration' fairly broadly …"); *First W. Gov't Secs., Inc. v. United

States*, 796 F.2d 356, 360 (10th Cir. 1986) ("The term 'tax

administration' is to be interpreted broadly."); *United States v. Mangan*,

575 F.2d 32, 40 (2d Cir. 1978) ("the definition of 'tax administration' in

-21-

[§] 6103(b)(4) is so sweeping as to compel rejection of a restrictive interpretation").

Section 6103 does not define the participial phrase "pertaining to." Those words should, therefore, be afforded their commonly understood meaning.  *See Commissioner v. Soliman*, 506 U.S. 168, 174 (1993) (undefined words in tax statutes should be interpreted in accordance with their "ordinary, everyday senses") (citations and internal quotations omitted).  The word "pertain" means "to have reference or relation; relate."  https://www.dictionary.com/browse/pertain (last visited Aug. 23, 2023); *accord Am. Civil Liberties Union v. Central Intelligence Agency*, 109 F. Supp. 3d 220, 236 (D.D.C. 2015) (citation omitted) ("For something to pertain to something else, it must be related or connected to such a thing.").  Thus—similar to words like "regarding," "respecting," and "related to"—the words "pertaining to" are best construed as broadening the thing they modify (here, "tax administration").  *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health, Dep't of Health and Human Servs.*, 745 F.3d 535, 544 (D.C. Cir. 2014) (phrase "pertaining to" has a "broadening effect"); *Sack*

-22-

*v. Central Intelligence Agency*, 53 F. Supp. 3d 154, 164 (D.D.C. 2014) ("a record may pertain to something without specifically mentioning it").

2.  Applying this definition, the District Court correctly held that *Silver I* and *Silver II* qualify as "proceedings pertaining to tax administration."  (JA20-23.)

**_Silver I_:**  As the *Silver I* court observed in denying plaintiffs' motion for a protective order, "[o]ne need look no further than the relief Plaintiffs seek … to see that this case 'pertains to' the 'administration' of tax law."  2021 WL 1177998, at *2.  In their amended complaint, plaintiffs sought to prevent the IRS from enforcing Section 965 and the regulations thereunder, which impose the transition tax described above and govern the calculation and payment thereof.  *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:19-cv-247-APM (D.D.C.) (Doc. 5 at p. 19.)  They further sought to prevent the IRS from enforcing Section 962 and the regulations thereunder, which govern shareholder elections to use corporate tax rates and attributes to reduce tax (including the transition tax) owed in connection with controlled foreign corporations. *Id.*  Consequently, *Silver I* pertained to the IRS's "administration, management, conduct, direction, and supervision of the execution and

15256057.1

application of the internal revenue laws." *See* I.R.C. § 6103(b)(4)(A)(i).

Likewise, *Silver I* pertained to the "assessment, collection, [and]

enforcement … functions under such laws." *See* I.RC. § 6103(b)(4)(B);

*see also Silver*, 2021 WL 1177998, at *1 (*Silver I* "easily satisfies" the

definition of a proceeding pertaining to tax administration, as plaintiffs

"challenge the process by which [the Government] issued regulations

governing the calculation, reporting, and payment of the so-called

'transition tax' under section 965 of the IRC").

Indeed, plaintiffs' own filings in *Silver I* belie any suggestion that

the case did not pertain to tax administration: their pleadings,

dispositive motion briefing, declarations, and appellate briefing all

addressed the preparation, filing, and amendment of Silver's 2017 tax

return, including the calculation of his transition tax liability and his

election to offset Limited's tax credits against that liability. *Silver, et*

*al. v. Internal Revenue Serv., et al.*, No. 1:19-cv-247-APM (D.D.C.)

(Doc. 1 at p. 3; Doc. 5 at p. 3; Doc. 23 at p. 9; Doc. 23-2 at pp. 5-6;

Doc. 47-1 at pp. 7, 17-18; Doc. 47-2 at p. 6; Doc. 61 at pp. 3-6: Doc. 61 at

p. 2; Doc. 70 at pp. 9-13, 20-21, 23); *Silver, et al. v. Internal Revenue*

*Serv., et al.*, No. 21-5116 (D.C. Cir.) (Opening Brief at pp. 16-18, 25, 31;

-24-

Reply Brief at pp. 9-11, 14, 17, 20-22).  Those pleadings, dispositive motion briefs, declarations, and appellate briefs also addressed the filing of Silver's Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, on which he reported his interest in Limited.  *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:19-cv-247-APM (D.D.C.) (Doc. 1 at p. 3; Doc. 5 at p. 3; Doc. 47-1 at pp. 6-7; Doc. 47-2 at pp. 1-2; Doc. 61 at pp. 13-14); *Silver, et al. v. Internal Revenue Serv., et al.*, No. 21-5116 (D.C. Cir.) (Reply Brief at pp. 21-22).

**_Silver II_**:  Similarly, a cursory review of the relief requested in *Silver II* demonstrates that that case also pertained to tax administration.  In their complaint, plaintiffs sought to prevent the IRS from enforcing the regulations promulgated under Section 951A, which govern the calculation of "global intangible low-taxed income" and set forth anti-abuse rules to prevent manipulation of the statutory formula for determining such income.  *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:20-cv-1544-CKK (D.D.C.) (Doc. 1 at p. 14); *see also Silver*, 2022 WL 16744921, at *2 (plaintiffs sought to "set aside" regulations that "define how GILTI is calculated" and "determine, in part, the ultimate amount of tax paid").  Consequently, *Silver II* pertained to the

IRS's "administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws." *See* I.R.C. § 6103(b)(4)(A)(i). Likewise, it pertained to the "assessment, collection, [and] enforcement … functions under such laws." *See* I.RC. § 6103(b)(4)(B).

As with *Silver I*, plaintiffs' own filings in *Silver II* belie any suggestion that the case did not pertain to tax administration: their pleadings, dispositive motion briefing, declarations, and appellate briefing all addressed the preparation and filing of Silver's 2018 and 2019 tax returns, including the calculation of his GILTI tax liability and "highly complex tax planning" used to eliminate that liability. *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:20-cv-1544-CKK (D.D.C.) (Doc. 1 at pp. 3, 10; Doc. 10 at pp. 8, 23; Doc. 10-9 at pp. 3-4); *Silver, et al. v. Internal Revenue Serv., et al.*, No. 22-5341 (D.C. Cir.) (Opening Brief at pp. 7-8, 14-15; Reply Brief at pp. 9-10). Their pleadings and dispositive motion briefing also addressed the filing of Silver's Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, on which he reported his interest in Limited.

*Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:20-cv-1544-CKK
(D.D.C.) (Doc. 1 at p. 3; Doc. 10 at p. 14).

3.  To escape the straightforward conclusion that the disclosure of
Silver's returns and associated return information was authorized
under Section 6103(h)(4)(A), plaintiffs argue that a proceeding pertains
to tax administration only if it determines a person's tax liability,
involves the collection of that liability, or arises in connection with
determining or collecting that liability.  (Br. 14-15.)  However, they cite
no case in which a court has adopted their proposed definition of "tax
administration."  This is unsurprising, given their failure to link that
definition to any statutory language.

In fact, plaintiffs' proposed definition improperly excludes several
parts of the definition in Section 6103(b)(4), such as "the
administration, management, conduct, direction, and supervision of the
execution and application of the internal revenue laws" and "the
development and formulation of Federal tax policy."  *See* I.R.C.
§ 6103(b)(4)(A)(i), (ii), (4)(B); *see also Murphy Exploration and Prod. Co.
v. U.S. Dep't of the Interior*, 252 F.3d 473, 481 (D.C. Cir. 2001) (in
interpreting statutes, courts should give effect to every word).

-27-

Moreover, plaintiffs' proposed definition of "tax administration" improperly renders a portion of Section 6103(h)(4)(A) superfluous. *See Murphy Exploration*, 252 F.3d at 481 (courts should avoid interpretations of statutes that render portions thereof superfluous). As discussed above, Section 6103(h)(4)(A) authorizes the disclosure of returns or return information in a "proceeding pertaining to tax administration" if either "the taxpayer is a party to the proceeding" or "the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title." Under plaintiffs' proposed definition of "tax administration," the latter clause in Section 6103(h)(4)(A) would simply restate the definition of "tax administration" in Section 6103(b)(4) and be entirely superfluous.

4. The only source that plaintiffs identify to support their proposed definition is the IRS publication "Disclosure & Privacy Law Reference Guide," available at https://www.irs.gov/pub/irs-pdf/p4639.pdf (last revised Oct. 2012) (hereafter, "the Guide"). (*See* Br. 14-15.) However, the Guide is not an appropriate tool for interpreting the plain

-28-

language of Section 6103(b)(4).  And even if the Guide were such a tool,
it does not support plaintiffs' interpretation.

As a threshold matter, IRS publications do not bind the IRS, "do
not necessarily cover all positions," and cannot be relied on in the face of
a contrary statute.  Stephanie Hunter McMahon, *Classifying Tax
Guidance According to End Users*, 73 Tax Law. 245, 264 (2020); *see
Miller v. Commissioner*, 114 T.C. 184, 195 (2000) (collecting cases); *cf.
Elec. Privacy Info. Ctr.*, 910 F.3d at 1244-45 (Internal Revenue Manual
provisions "clearly do not have the force and effect of law") (citation and
internal quotations omitted).  The Guide itself advises that it "was
prepared for reference purposes only; it may not be used or cited as
authority for setting or sustaining a legal position."
https://www.irs.gov/pub/irs-pdf/p4639.pdf at *iii.

Plaintiffs rely (Br. 14-15) on *Bittner v. United States*, 598 U.S. 85
(2023), and *Diamond v. United States*, 944 F.2d 431 (8th Cir. 1991), but
those cases are not to the contrary.  In *Bittner*, the Supreme Court
applied the traditional tools of statutory construction to determine the
correct interpretation of an ambiguous statutory provision.  598 U.S. at
92-96.  After having done so, the Court stated that IRS guidance

documents supporting that interpretation—and calling into question the contrary interpretation the Government urged the Court to adopt—provided "one more reason" to support the Court's interpretation. *Id.* at 96-97. However, it cautioned that agency "guidance documents do not control our analysis and cannot displace our independent obligation to interpret the law." *Id.* at 97. Here, plaintiffs are improperly attempting to substitute the language of the Guide for the language of the statute, an approach that the District Court correctly rejected. (JA22-23 at n.10.)

In *Diamond*, the Eighth Circuit held that guidance in the Internal Revenue Manual was relevant to whether IRS agents made unauthorized disclosures based on a good faith, but erroneous, interpretation of Section 6103, which would have constituted a defense to liability under Section 7431. 944 F.2d at 435-37; *see also* I.R.C. § 7431(b) (setting forth good-faith defense). The Eighth Circuit did not hold that such guidance was relevant to determining whether the disclosures were authorized in the first instance, as plaintiffs ask this Court to do. The District Court therefore correctly held that the reasoning in *Diamond* is inapposite. (JA22-23 at n.10.)

15256057.1

At all events, plaintiffs are correct that, according to the Guide, the term "proceeding pertaining to tax administration" "means" a case determining liability, involving collection, or arising in connection with either of the foregoing. *See* https://www.irs.gov/pub/irs-pdf/p4639.pdf at *3-10, *3-11. But in the very next paragraph, the Guide provides examples of "proceedings pertaining to tax administration" that fall outside that narrow meaning, such as suits under the Privacy Act, suits against federal employees for alleged constitutional violations, and suits under the Federal Tort Claims Act. *Id.* at *3-11. It is thus evident that the Guide was not intended to limit the broader meaning of "tax administration" embodied in Section 6103(b)(4).

5. Plaintiffs' reliance on cases brought pursuant to the Freedom of Information Act (Br. 15-16) is even farther afield. Those cases stand for the proposition that suits seeking returns and return information under FOIA are not "proceedings pertaining to tax administration" because resolution of the underlying issue—*i.e.*, the requester's entitlement to records—would have no impact on the administration of the internal revenue laws, the IRS's assessment and collection functions, etc. *Crow v. Internal Revenue Serv.*, 2022 WL 1605265, at *3-*4 (D. Idaho May 20,

2022); *Greenberger v. Internal Revenue Serv.*, 283 F. Supp. 3d 1354,

1371 (N.D. Ga. 2017); *Safeway, Inc. v. Internal Revenue Serv.*, 2006 WL

3041079, at \*7 & n.8 (N.D. Cal. Oct. 24, 2006).  But in *Silver I* and

*Silver II*, where plaintiffs sought to prevent the enforcement of various

tax statutes and regulations, the impact on tax administration would

have been direct and substantial.  *Supra*, pp. 22-25.

Notably, in *Silver I* and *Silver II,* plaintiffs sought to prevent the

IRS from enforcing various tax statutes and regulations against not

only themselves, but against *all* small businesses and small entities.

*Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:19-cv-247-APM

(D.D.C.) (Doc. 5 at p. 19); *Silver, et al. v. Internal Revenue Serv., et al.*,

No. 1:20-cv-1544-CKK (D.D.C.) (Doc. 1 at p. 14).  In light of these

sweeping requests for relief, plaintiffs' observation that they themselves

"did not owe any tax to be assessed or collected" (Br. 13) is beside the

point.

6.  In a lengthy footnote, plaintiffs speculate that, under the

District Court's reasoning, a suit against the Treasury Department for

failing to prepare an environmental impact statement in violation of the

National Environmental Policy Act would necessarily qualify as a

"proceeding pertaining to tax administration" within the meaning of

Section 6103(h)(4). (Br. 16 n.8.) This speculation is misguided.

Whether a suit "pertain[s] to tax administration" depends on the facts

and circumstances of the case, including the nature of the agency action

being challenged and the relief requested. A run-of-the-mill NEPA

challenge (*e.g.*, a suit seeking a declaratory judgment that the Treasury

Department must prepare an environmental impact statement in

connection with a proposed construction project) would not appear to

qualify. Nothing in the District Court's opinion suggests otherwise.

7. Nor do plaintiffs' policy concerns (Br. 16-17) justify adopting an

interpretation of Section 6103(h)(4) that is divorced from the statutory

text. Plaintiffs assert that excluding Regulatory Flexibility Act suits

from the meaning of "proceedings pertaining to tax administration"

would encourage more RFA challenges to Treasury Regulations.

(Br. 17.) While it is true that Congress amended the RFA in 1996 to

make clear that it applied to certain types of Treasury regulations,

5 U.S.C. § 603, Congress made no corresponding amendment to

Section 6103's definition of "proceedings pertaining to tax

administration." This Court should not rewrite Section 6103 to do

otherwise, regardless of whether doing so might incentivize more of plaintiffs' preferred litigation.

Also unavailing is plaintiffs' assertion (Br. 17) that their interpretation of Section 6103 would better protect taxpayer privacy. As we explained at the outset, Section 6103 reflects a balance between protecting taxpayers' privacy and protecting government agencies' legitimate interest in accessing tax information. *Supra*, pp. 14-16. This Court should not indulge plaintiffs' request to rewrite the statute to elevate the former interest over the latter. *See BP P.L.C.* v. *Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1539 (2021) ("[o]ften legislation becomes possible only because of [a] compromise[ ]," and a court "ha[s] no right to place [its] thumbs on one side of the scale or the other").

> ### 2.    Plaintiffs' interpretation of Section 6103(h)(4)(A) improperly adds multiple requirements not found in the statutory text

As we have just explained, Section 6103(h)(4)'s party test authorizes the disclosure of a taxpayer's returns or return information in a proceeding if (a) "the taxpayer is a party to the proceeding" and (b) the "proceeding pertain[s] to tax administration." I.R.C. § 6103(h)(4)(A). Plaintiffs urge this Court to add two additional

requirements, namely a "substantive nexus" requirement and a "last resort" requirement.  (Br. 17-20.)  Plaintiffs failed to raise their "substantive nexus" argument in the proceedings below, and this Court need not consider it further.  *See Optimal Wireless LLC v. Internal Revenue Serv.*, ---- F.4th ----, 2023 WL 5023433, at *6 (D.C. Cir. 2023).  In any event, both the "substantive nexus" and "last resort" requirements urged by plaintiffs are divorced from the statutory text and fail on their own terms.

### a.    Section 6103(h)(4)(A) does not contain a "substantive nexus" requirement

On appeal, plaintiffs argue that a disclosure only satisfies Section 6103(h)(4)(A)'s party test if there is a "substantive nexus" between (i) "the underlying 'tax' matter" and (ii) the return or return information disclosed.  (Br. 17-19.)  If the Court considers this argument, it should reject it as meritless.

i.  As an initial matter, plaintiffs fail to link their "substantive nexus" requirement to anything in the text, structure, or history of Section 6103(h)(4)(A).  Nor do they identify a single case that has interpreted Section 6103(h)(4)(A) to include such a requirement.  The

-35-

Court should, therefore, reject plaintiffs' invitation to create this requirement out of whole cloth.

Indeed, the statutory context shows that when Congress wanted to impose a similar requirement, it did so expressly.  In the very next provision of Section 6103(h)(4), Congress authorized the disclosure of a taxpayer's "return or return information" in a proceeding pertaining to tax administration "if the treatment of an item reflected on such return is *directly related* to the resolution of an issue in the proceeding."  I.R.C. § 6103(h)(4)(B) (emphasis added).  And in the provision after that, Congress authorized the disclosure of a taxpayer's "return or return information" in a proceeding pertaining to tax administration "if such return or return information *directly relates* to a transactional relationship between a person who is a party to the proceeding and the taxpayer which *directly affects* the resolution of an issue in the proceeding."  I.R.C. § 6103(h)(4)(C) (emphasis added).  By contrast, Section 6103(h)(4)(A) conspicuously fails to contain any analogous requirement.  And "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and

-36-

purposely in the disparate inclusion or exclusion." *Sebelius* v. *Cloer*, 569 U.S. 369, 378 (2013) (brackets and citation omitted)); *see also Polselli v. Internal Revenue Serv.*, 598 U.S. 432, 439 (2023).

ii.  Once again, plaintiffs rely on the Guide rather than the statutory text.  *See supra,* p. 27.  This time, plaintiffs cite a portion of the Guide concerning the disclosure of returns and return information in a bankruptcy case.  (Br. 17 n.9.)  The Guide states that "[t]he rules for disclosures in tax administration proceedings were structured for traditional judicial tax proceedings," such as Tax Court cases and refund suits.  https://www.irs.gov/pub/irs-pdf/p4639.pdf at *6-4.  It further states that "[t]he rules in section 6103(h) are not well suited to a bankruptcy case, which is a multi-party proceeding that often involves nontax issues as well as tax claims." *Id.*  The Guide therefore advises that "disclosures under section 6103(h) in bankruptcy cases should be limited to information pertaining to the tax matter that is at issue." *Id.*

Nonetheless, the Guide does not attempt to link the foregoing statement to anything in the statutory text.  To the contrary, the Guide acknowledges that Section 6103(h)(4)(A) "only requires that

the taxpayer be a party to the proceeding [pertaining to tax administration]," and that "under the literal terms of section 6103(h)(4)(A), the debtor's return or return information could be disclosed to a creditor who has filed a proof of claim, even if the information has no relation to the government's tax claim." https://www.irs.gov/pub/irs-pdf/p4639.pdf at *6-4. Thus, in advising against certain disclosures in the bankruptcy context even though they would be permitted under the statute, the Guide undercuts plaintiffs' position that any such restraint is mandated by Section 6103(h)(4)(A) itself.

Although it is not entirely clear, plaintiffs seem to suggest that the Court should apply the foregoing guidance instead of the text of Section 6103(h)(4)(A). But the cited portion of the Guide is directed to disclosures in bankruptcy cases and therefore facially inapplicable to *Silver I* and *Silver II.* More fundamentally, a cause of action for damages under Section 7431 must be predicated on a disclosure made "in violation of any provision of section 6103"—not a disclosure made in violation of informal agency guidance. *See* I.R.C. § 7431(a).

And just to be clear, there is no basis to treat the Guide as binding

authority.  Informal agency guidance is treated as binding on the

agency only if the agency has manifested an intent to be bound.  *Chiron*

*Corp. and PerSeptive Biosystems, Inc. v. Nat'l Transp. Safety Bd.*,

198 F.3d 935, 943-44 (D.C. Cir. 1999); *see also Tax Analysts v. I.R.S.*,

97 F. Supp. 2d 13, 15 n.3 (D.D.C. 2000), *reconsideration denied*,

152 F. Supp. 2d 1, 7-8 (D.D.C. 2001), *aff'd in part and rev'd in part*,

294 F.3d 71, 76 (D.C. Cir. 2002).  An agency's intent in this regard is

determined based on the language used, the context of that language,

and any available extrinsic evidence.  *Padula v. Webster*, 822 F.2d 97,

100 (D.C. Cir. 1987).

Here, those factors demonstrate that the IRS intended the Guide

to be precatory rather than binding.  First, the Guide expressly states

that it "was prepared for reference purposes only" and may not be relied

on as legal authority.  https://www.irs.gov/pub/irs-pdf/p4639.pdf at *iii.

Second, the operative language is directory (*i.e.*, "should") rather than

mandatory (*i.e.*, "shall" or "must").  *Id.* at *6-4; *see Tax Analysts*,

152 F. Supp. 2d at 8.  Third, unlike the regulations accompanying

Section 6103, which the IRS promulgated through notice-and-comment

rulemaking, the Guide is not the product of formal rulemaking

procedures.  *See New Jersey v. U.S. Nuclear Regulatory Comm'n*,

526 F.3d 98, 103 (3d Cir. 2008) (considering procedures utilized in

determining whether agency intended to be bound).

iii.  At all events, the returns and return information that were

disclosed during the *Silver I* and *Silver II* proceedings were highly

probative of the issues in those cases.  Thus, even if a "substantive

nexus" requirement could be read into Section 6103(h)(4)(A), that

requirement would be satisfied here.

As a threshold matter, plaintiffs put at issue the very returns and

return information they now fault the Government for disclosing.

*Supra*, pp. 7-8 (discussing recent disclosure-related order issued by the

*Silver I* district court on remand).  As discussed above, in both *Silver I*

and *Silver II*, plaintiffs made allegations about Silver's tax returns;

submitted evidence about those returns; and relied on the foregoing

allegations and evidence in their briefing.  *Supra*, pp. 23-25.  They

should not now be heard to complain that the Government submitted

those same returns and associated return information in support of its

dispositive motions.

Notably, plaintiffs took the position in *Silver I* that they had

Article III standing based on compliance costs incurred in connection

with two amendments to Silver's 2017 tax return, and they attributed

those amendments and the associated costs to the complexity of the

challenged regulations.  *Silver, et al. v. Internal Revenue Serv., et al.*,

No. 1:19-cv-247-APM (D.D.C.) (Doc. 47-1 at p. 7; Doc. 47-1 at p. 6;

Doc. 61 at pp. 3, 5-6; Doc. 61-1 at p. 2).  The Government submitted

copies of the amended returns to refute that position, including showing

that one of the amendments had no relationship whatsoever to the

challenged regulations.  *See id.* (Doc. 57-1 at pp. 9, 12; Doc. 65 at p. 2).

As the *Silver I* court stated in its initial denial of plaintiffs' motion for a

protective order, the disclosures were thus properly made "to rebut …

Plaintiffs' arguments" and represented "basic lawyering."  2021 WL

1177998, at *3 (citation, internal quotations, and alterations omitted).

Furthermore, the extent to which the challenged regulations

caused an injury to plaintiffs, whether in the form of increased

compliance costs or in the form of additional taxes, was relevant to the

Government's argument in both *Silver I* and *Silver II* that plaintiffs

lacked Article III standing.  *Silver, et al. v. Internal Revenue Serv., et*

-41-

*al.*, No. 1:19-cv-247-APM (D.D.C.) (Doc. 57-1 at pp. 11-14; Doc. 65 at pp. 2-4); *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:20-cv-1544-CKK (D.D.C.) (Doc. 9-1 at pp. 14-22; Doc. 11 at pp. 9-16).  The disclosure of Silver's amended tax returns was, therefore, reasonably calculated to shed light on plaintiffs' claim that they had suffered a legally cognizable injury.  Similarly, whether Limited maintained a place of business in the United States was relevant to the Government's argument in both *Silver I* and *Silver II* that Limited lacked statutory standing to sue under the Regulatory Flexibility Act.  *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:19-cv-247-APM (D.D.C.) (Doc. 57-1 at pp. 15-18; Doc. 65 at pp. 4-9); *Silver, et al. v. Internal Revenue Serv., et al.*, No. 1:20-cv-1544-CKK (D.D.C.) (Doc. 9-1 at pp. 8-12; Doc. 11 at pp. 2-7).  The disclosure of Silver's Form 5471, which asked for the "[n]ame, address, and identifying number of [Limited's] branch office or agent (if any) in the United States," (Doc. 9-2 at p. 9), was therefore reasonably calculated to shed light on whether Limited could maintain an RFA claim.  As succinctly stated by the *Silver I* court, these disclosures were thus properly made "to demonstrate lack of jurisdiction."  2021 WL 1177998, at *2.

15256057.1

Moreover, Silver's returns and return information help demonstrate that plaintiffs eliminated any transition tax or GILTI tax liability in the years immediately following the enactment of the 2017 legislation by taking advantage of certain ameliorating provisions. This was relevant to the Government's position in both *Silver I* and *Silver II* that, to the extent plaintiffs were unable to challenge the relevant regulations in a refund suit, the Anti-Injunction Act should still bar *Silver I* and *Silver II* because plaintiffs' own voluntary actions rendered a refund suit unavailable. *Silver, et al. v. Internal Revenue Serv., et al.*, No. 21-5116 (D.C. Cir.) (Gov't Brief at pp. 46-47); *Silver, et al. v. Internal Revenue Serv., et al.*, No. 22-5341 (D.C. Cir.) (Gov't Br. at pp. 34-35).

Nor is there any merit to plaintiffs' suggestion (Br. 19) that returns disclosed under Section 6103(h)(4)(A) must be reviewed line-by-line to ensure that each and every irrelevant item is redacted. Unlike some provisions of Section 6103 that limit disclosure to a particular item of return information, Section 6103(h)(4)(A) authorizes disclosure of a taxpayer's entire return. *Compare* I.R.C. § 6103(h)(4) (authorizing disclosure of "[a] return or return information") *with* I.R.C. § 6103(g)(2)

(authorizing disclosure of limited "return information"), I.R.C.

§ 6103(i)(2)-(3), (i)(7) (same), *and* I.R.C. § 6103(k)(14) (same).

Section 6103(h)(4)(A) thus reflects Congress's determination that, when

the Government is involved in a proceeding pertaining to tax

administration, it should not be put in the unenviable position of

deciding whether to disclose less return information (and risk not

proving its case) or more return information (and risk a suit for

damages). While plaintiffs may have preferred a different

determination on Congress's part, that does not give them license to

rewrite the statute.

### b.  Section 6103(h)(4)(A) does not contain a "last resort" requirement

Plaintiffs next argue that a disclosure satisfies Section

6103(h)(4)(A)'s party test only if it was made as a "last resort." (Br. 19-

20.) The District Court correctly rejected this argument.

i. As with their "substantive nexus" requirement, plaintiffs fail to

link their "last resort" requirement to anything in the text, structure, or

history of Section 6103(h)(4)(A). Nor do they identify a single case that

has interpreted Section 6103(h)(4)(A) to include such a requirement.

15256057.1

-44-

Instead, plaintiffs attempt to infer this requirement from Treas. Reg. § 301.6103(h)(2)-1(b)(1), which states that certain disclosures can be made only if the "purpose or activity cannot otherwise properly be accomplished." *See* Treas. Reg. § 301.6103(h)(2)-1(b)(1) (flush paragraph). But by its terms, this proviso only applies to a subset of disclosures under Section 6103(h)(2), *i.e.*, disclosures by Justice Department employees in connection with a Federal grand jury proceeding or *the proper preparation for* certain court proceedings (or in connection with antecedent investigations). *See* Treas. Reg. § 301.6103(h)(2)-1(b)(1). It has no application to disclosures under Section 6103(h)(4), *i.e.*, disclosures *in* non-grand-jury proceedings pertaining to tax administration, as the District Court correctly recognized. (JA24-26.)

ii. Plaintiffs nonetheless assert that all the requirements governing disclosures under Treas. Reg. § 301.6103(h)(2)-1(b)(1)— including their so-called "last resort" requirement—should be imported into Section 6103(h)(4). (Br. 19-20.) As we understand it, plaintiffs' argument is that the standard for making disclosures under Section 6103(h)(4)(A) is narrower than the standard for making

-45-

disclosures under Section 6103(h)(2)(A); therefore, any requirement applicable to disclosures under the latter provision also necessarily apply to disclosures under the former.  (*Id.*)  Plaintiffs' argument fails.

Plaintiffs are correct that Section 6103(h)(4)(A) is narrower than Section 6103(h)(2)(A) in some respects.  In particular:

> (1) Section 6103(h)(2) authorizes the Government to make disclosures in "a matter involving tax administration …," whereas the corresponding authorization in Section 6103(h)(4) is limited to disclosures in "a Federal or State judicial or administrative proceeding pertaining to tax administration"; and
>
> (2) Section 6103(h)(2)(A) authorizes the Government to make disclosures if, among other things, "the taxpayer *is or may be* a party to the proceeding," whereas the corresponding authorization in Section 6103(h)(4)(A) is limited to instances in which "the taxpayer *is* a party to the proceeding."

*See* I.R.C. § 6103(h)(2)(A), (h)(4)(A) (emphasis added).  However, just because Section 6103(h)(4)(A) is narrower than Section 6103(h)(2)(A) in these limited respects does not mean that it is narrower in all respects, much less that a regulation expressly limited to a subset of disclosures

under (h)(2) should be expanded to apply to disclosures under (h)(4). Plaintiffs identify nothing in the relevant statutory or regulatory provisions that supports such a result.

Indeed, the regulatory context shows that when the Treasury Department wanted to incorporate the content of one provision of Section 6103 into another, it did so expressly. For example, in addressing the proper scope of certain investigative disclosures, the Treasury Department incorporated the purposes and activities "described in section 6103(k)(6) and the regulations thereunder" into Treas. Reg. § 301.6103(h)(2)-1(b)(1)(i). Here, by contrast, the Treasury Department made no such incorporation, and that omission should be respected. *Nasdaq Stock Mkt. LLC v. S.E.C.*, 38 F.4th 1126, 1137 (D.C. Cir. 2022) (explaining the *expressio unius* canon).

### 3. The Government's authorized disclosures of plaintiffs' returns and return information were not rendered unauthorized by the fact that they were made using the CM-ECF system

Finally, plaintiffs argue that Section 6103(h)(4) authorizes the Government to disclose returns and return information "only … to the court and the parties." (Br. 23.) In their view, this does not permit the Government to electronically file such information using the Case

Management-Electronic Case Files system ("CM-ECF"), which results in the Administrative Office of the U.S. Courts making that information available for download via the Public Access to Court Electronic Records service ("PACER").  (Br. 20-24.)  Plaintiffs are wrong.

a.  By its plain terms, Section 6103(h)(4) authorizes disclosure "in a Federal or State judicial or administrative proceeding pertaining to tax administration."  I.R.C. § 6103(h)(4).  As the District Court correctly observed, nothing in Section 6103(h)(4) prohibits such a disclosure from being made in a public filing, and Local Civil Rule 5.4 *required* the Government to submit its public filings electronically, using the CM/ECF system.  (JA26-27; *see also* Br. 21-22 (conceding that electronic filing is "mandatory under the local rules").)  These facts, standing alone, are sufficient to sustain the court's conclusion that the Government's submission of Silver's returns and return information via CM/ECF "complied with both § 6103(h)(4) and this Court's Local Rules." (JA27.)

This result is confirmed by the relevant statutory definition of "disclosure."  Section 6103(b)(8) defines "disclosure" as "the making known to any person *in any manner whatever* a return or return

15256057.1

information." I.R.C. § 6103(b)(8) (emphasis added). Given this broad

definition, plaintiffs cannot seriously contend that electronic filing is an

unauthorized method of accomplishing "disclos[ure] in a Federal or

State judicial … proceeding pertaining to tax administration." *See*

I.R.C. § 6103(h)(4).

b. Plaintiffs seem to suggest that Section 6103 should be

construed as authorizing the Government to make disclosures using

only forms of technology that were available in 1976, when the statute

underwent a significant revision. (Br. 21-23.) This suggestion does not

withstand scrutiny. As we just explained, "disclosure" is defined as "the

making known … in any manner whatever … ." I.R.C. § 6103(b)(8). If

Congress had wanted to prevent the Government from using new forms

of technology to disclose returns and return information, it could have

so limited the definition of "disclosure"—either in 1976 or in any of the

dozens of subsequent amendments to Section 6103. (*See* Appellants'

Statutory Addendum 57-58 (listing 80 amendments from 1977 to 2020).)

It did not.

c. Plaintiffs again point to language in the Guide (Br. 23), which

is unavailing for the reasons we have now addressed at length. *Supra*,

pp. 28, 37-39. At all events, nothing in that guidance changes the foregoing analysis.

> The Guide states that disclosure in a proceeding "means":
>
> a disclosure of returns or return information made to a court (including a court reporter or stenographer), a mediator or arbitrator, or to a party to the proceeding under the practices and procedures generally applicable to such proceeding, and subject to any rules governing such proceeding.

https://www.irs.gov/pub/irs-pdf/p4639.pdf at *6-14; *see also id.* at *3-12. This is entirely consistent with the manner in which the Government submitted plaintiffs' returns and return information in *Silver I* and *Silver II*, namely by filing them with the court in accordance with the practices, procedures, and rules applicable to those proceedings.

To be sure, the submission of plaintiffs' returns and return information using CM/ECF made those items—like the other filings and docket entries in *Silver I* and *Silver II*—available for download via PACER. But as plaintiffs concede, the public has long enjoyed "a right of access" to court filings. (Br. 21); *see Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)) (recognizing a "strong presumption in favor of public access to judicial proceedings").

-50-

The fact that the public can now exercise that right using an internet-based database, rather than visiting the clerk's office, does not justify reading an atextual sealing requirement into Section 6103(h)(4)—much less entitle plaintiffs to damages when the Government fails to adhere to this unwritten requirement.[2]

At bottom, plaintiffs disagree with the balance that Congress and the courts have struck between protecting the privacy of taxpayers' returns and return information, *see* I.R.C. § 6103; Fed. R. Civ. P. 5.2, and providing public access to judicial proceedings, *see Hubbard*, 650 F.2d at 315-16.  But plaintiffs' policy preferences are not a substitute for applying the text of Section 6103 as written.

---

[2] The tax treatise cited by plaintiffs (Br. 22) does not support their newly minted interpretation of Section 6103.  In fact, the treatise states that "the public does not have the same expectation of financial privacy it had when Section 6103 was first enacted."  Saltzman & Book, *IRS Practice and Procedure*, ¶ 4.08 Confidentiality and Disclosure of Tax Returns and Related Information, at *44 (June 2023).

## CONCLUSION

This Court should affirm the District Court's order dismissing

plaintiffs' suit.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Geoffrey J. Klimas

| | |
|---|---|
| ARTHUR T. CATTERALL | (202) 514-2937 |
| GEOFFREY J. KLIMAS | (202) 307-6346 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
MATTHEW M. GRAVES
  *United States Attorney*

SEPTEMBER 1, 2023

15256057.1

# CERTIFICATE OF COMPLIANCE

**Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

    1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [X]   this document contains <u>9,435</u> words, **or**

    [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

    2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

    [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)   <u>/s/ Geoffrey J. Klimas</u>

Attorney for  <u>the Appellee</u>

Dated:  <u>September 1, 2023</u>

-53-

# ADDENDUM

26 U.S.C. § 6103(a), (b)(4), (b)(8), (h)(2)(A), (h)(4)(A)-(C)...................54

26 U.S.C. § 7431(a), (b)...........................................................................57

26 C.F.R. § 301.6103(h)(2)-1...................................................................58

15256057.1

-54-

## 26 U.S.C. § 6103—Confidentiality and disclosure of returns and return information

**(a) General rule.**—Returns and return information shall be confidential, and except as authorized by this title—

> **(1)** no officer or employee of the United States,
>
> **(2)** no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(1)(C) or (7)(A), any local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and
>
> **(3)** no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (10), (12), (13) (other than subparagraphs (D)(v) and (D)(vi) thereof), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

**(b) Definitions.**—For purposes of this section—

. . .

> **(4) Tax administration**
> The term "tax administration"—
>
> > **(A)** means—

-55-

**(i)**  the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and

**(ii)**  the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions, and

**(B)**  includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions.

. . .

**(8)  Disclosure**
The term "disclosure" means the making known to any person in any manner whatever a return or return information.

. . .

**(h)  Disclosure to certain Federal officers and employees for purposes of tax administration, etc.—**

. . .

**(2)  Department of Justice.**—In a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if—

-56-

> **(A)** the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;

. . .

> ## (4)  Disclosure in judicial and administrative tax proceedings
>
> A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—
>
> > **(A)**  if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;
> >
> > **(B)**  if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
> >
> > **(C)**  if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or

. . .

**26 U.S.C. § 7431—Civil damages for unauthorized inspection or disclosure of returns and return information**

**(a)  In general.—**

> **(1)  Inspection or disclosure by employee of United States.—**If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

> **(2)  Inspection or disclosure by a person who is not an employee of United States.—**If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action for damages against such person in a district court of the United States.

**(b)  Exceptions.—**No liability shall arise under this section with respect to any inspection or disclosure—

> **(1)**  which results from a good faith, but erroneous, interpretation of section 6103, or

> **(2)**  which is requested by the taxpayer.

…

**26 C.F.R. § 301.6103(h)(2)-1—Disclosure of returns and return information (including taxpayer return information) to and by officers and employees of the Department of Justice for use in Federal grand jury proceeding, or in preparation for proceeding or investigation, involving tax administration**

**(a)  Disclosure of returns and return information (including taxpayer return information) to and by officers and employees of the Department of Justice.**

> **(1)**  Returns and return information (including taxpayer return information), as defined in section 6103(b)(1), (2), and (3) of the Internal Revenue Code, shall, to the extent provided by section 6103(h)(2)(A), (B), and (C) and subject to the requirements of section 6103(h)(3), be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and for their necessary use in, any Federal grand jury proceeding, or preparation for any proceeding (or for their necessary use in an investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, in a matter involving tax administration (as defined in section 6103(b)(4)), including any such proceeding (or any such investigation) also involving the enforcement of a related Federal criminal statute which has been referred by the Secretary to the Department of Justice.

> **(2)**  Returns and return information (including taxpayer return information) inspected by or disclosed to officers and employees of the Department of Justice as provided in paragraph (a)(1) of this section may also be used by such officers and employees or disclosed by them to other officers and employees (including United States attorneys and supervisory personnel, such as Section Chiefs, Deputy Assistant Attorneys General, Assistant Attorneys General, the Deputy Attorney General, and the Attorney General), of the Department of Justice where necessary—

-59-

**(i)**  In connection with any Federal grand jury proceeding, or preparation for any proceeding (or with an investigation which may result in such a proceeding), described in paragraph (a)(1), or

**(ii)**  In connection with any Federal grand jury proceeding, or preparation for any proceeding (or with an investigation which may result in such a proceeding), described in paragraph (a)(1) which also involves enforcement of a specific Federal criminal statute other than one described in paragraph (a)(1) to which the United States is or may be a party, provided such matter involves or arises out of the particular facts and circumstances giving rise to the proceeding (or investigation) described in paragraph (a)(1) and further provided the tax portion of such proceeding (or investigation) has been duly authorized by or on behalf of the Assistant Attorney General for the Tax Division of the Department of Justice, pursuant to the request of the Secretary, as a proceeding (or investigation) described in paragraph (a)(1). If, in the course of a Federal grand jury proceeding, or preparation for a proceeding (or the conduct of an investigation which may result in such a proceeding), described in subdivision (ii) of this subparagraph, the tax administration portion thereof is terminated for any reason, any further use or disclosure of such returns or taxpayer return information in such Federal grand jury proceeding, or preparation or investigation, with respect to the remaining portion may be made only pursuant to, and upon the grant of, a court order as provided by section 6103(i)(1)(A), provided, however, that the returns and taxpayer return information may in any event be used for purposes of obtaining the necessary court order.

**(b)  Disclosure of returns and return information (including taxpayer return information) by officers and employees of the Department of Justice.**

15256057.1

-60-

**(1)**  Returns and return information (including taxpayer return information), as defined in section 6103(b)(1), (2), and (3) of the Code, inspected by or disclosed to officers and employees of the Department of Justice as provided by paragraph (a) of this section may be disclosed by such officers and employees to other persons, including, but not limited to, persons described in paragraph (b)(2), but only to the extent necessary in connection with a Federal grand jury proceeding, or the proper preparation for a proceeding (or in connection with an investigation which may result in such a proceeding), described in paragraph (a). Such disclosures may include, but are not limited to, disclosures—

>  **(i)**  To properly accomplish any purpose or activity of the nature described in section 6103(k)(6) and the regulations thereunder which is essential to such Federal grand jury proceeding, or to such proper preparation (or to such investigation);
>
>  **(ii)**  To properly interview, consult, depose, or interrogate or otherwise obtain relevant information from, the taxpayer to whom such return or return information relates (or such taxpayer's legal representative) or from any witness who may be called to give evidence in the proceeding; or
>
>  **(iii)**  To properly conduct negotiations concerning, or obtain authorization for, settlement or disposition of the proceeding, in whole or in part, or stipulations of fact in connection with the proceeding.

Disclosure of a return or return information to a person other than the taxpayer to whom such return or return information relates or such taxpayer's legal representative to properly accomplish any purpose or activity described in this paragraph should be made, however, only if such purpose or activity cannot otherwise properly be accomplished without making such disclosure.

15256057.1

**(2)** Among those persons to whom returns and return information may be disclosed by officers and employees of the Department of Justice as provided by paragraph (a)(1) of this section are—

> **(i)** Other officers and employees of the Department of Justice, such as personnel of an office, board, division, or bureau of such department (for example, the Federal Bureau of Investigation or the Drug Enforcement Administration), clerical personnel (for example, secretaries, stenographers, docket and file room clerks, and mail room employees) and supervisory personnel (such as supervisory personnel of the Federal Bureau of Investigation or the Drug Enforcement Administration);

> **(ii)** Officers and employees of another Federal agency (as defined in section 6103(b)(9)) working under the direction and control of any such officers and employees of the Department of Justice; and

> **(iii)** Court reporters.